In the Matter of the Judicial Settlement of the Account of VIRGIL C. TRAVER, as Sole Surviving Executor of the Last Will and Testament of JOHN W. MOORE, Deceased.

CHARLES G. COFFIN, as Special Guardian of NELLIE K. MOORE, et al., Appellants; VIRGIL C. TRAVER, as Executor, etc., et al., Respondents.

WILL — VESTED REMAINDER CHARGED WITH PAYMENT. Where, on the termination of a life estate given to the testator's widow, the will gives the remainder to a son, with a provision that if the son dies without issue before the widow the property shall go to the testator's brothers and sisters, and that if the son survives the widow he shall pay a certain sum to

a granddaughter, the daughter of a deceased son of the testator, as a condition of his receiving the bequest, and the son, who was in being at the death of the testator, dies intestate, before the widow, leaving a child, his only heir at law, the remainder is deemed to have vested in the son, and passes, on the widow's death, to the son's heir at law, burdened with the payment to the testator's granddaughter mentioned in the will, and the latter is entitled to share in the estate only to the extent of the sum so directed to be paid to her.

*Matter of Traver*, 30 App. Div. 261, modified.

(Argued October 25, 1899; decided November 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 10, 1898, affirming a decree of the Surrogate's Court of Dutchess county finally settling the accounts of an executor and distributing the estate.

The facts, so far as material, are stated in the opinion.

*E. Countryman* for appellants.    The courts below erred in holding that the gift to the surviving son, Sylvester P. Moore, was contingent upon his also surviving the widow of the testator, and, therefore, that the estate should be distributed as in case of intestacy, the daughter of Sylvester P., the appellant, Nellie K. Moore, receiving only one-half, instead of the whole thereof. (*Matter of Everitt*, 29 N. Y. 40; *Matter of Seebeck*, 140 N. Y. 241; *Bowditch* v. *Ayrault*, 138 N. Y. 222; *Manice* v. *Manice*, 43 N. Y. 303; *Gilman* v. *Redding-ton*, 24 N. Y. 9; *Goebel* v. *Wolf*, 113 N. Y. 405; *Matter of Tienken*, 131 N. Y. 391; *Matter of Young*, 145 N. Y. 535; *Sage* v. *Wheeler*, 3 App. Div. 39; *Moore* v. *Littel*, 41 N. Y. 66.)

*Henry M. Taylor* for respondents.    The estate was not vested in Sylvester P. Moore in his lifetime, and on the death of the widow of testator it went in two equal shares to the two grandchildren, Nellie K. Moore and Carrie L. Moore. (*Smith* v. *Edwards*, 88 N. Y. 92; *Matter of Baer*, 147 N. Y. 354; *Warner* v. *Durant*, 76 N. Y. 133; *Vincent* v. *New-house*, 83 N. Y. 511; *Delafield* v. *Shipman*, 103 N. Y. 463;

*Hobson* v. *Hale*, 95 N. Y. 588; *Shipman* v. *Rollins*, 98 N. Y. 311; *Clark* v. *Cammann*, 14 App. Div. 127.) The construction of this will claimed by appellant, in effect disinherits one grandchild to give all to the other. (*Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Van Kleeck* v. *Dutch Church*, 20 Wend. 469; *Scott* v. *Guernsey*, 48 N. Y. 121; *Lynes* v. *Townsend*, 33 N. Y. 561.) No estate went to the appellant by implication. The established rule is that to constitute a devise by implication there must be so strong probability of such intent that the contrary cannot be supposed. (*Post* v. *Hover*, 33 N. Y. 593; *Matter of Vowers*, 113 N. Y. 569; *Lynes* v. *Townsend*, 33 N. Y. 561; *Bunyan* v. *Pearson*, 8 App. Div. 86.)

HAIGHT, J. John W. Moore died on the 20th day of October, 1878, leaving him surviving his widow, Juliette M. Moore, his son, Sylvester P. Moore and his grandchild, Carrie L. Moore, daughter of his deceased son William L. Moore, his only heirs at law and next of kin. He left a last will and testament in which he gave to his widow the use of all his estate, real and personal, during her natural life, with directions to the executors to appropriate from the *corpus* of the estate sufficient for her reasonable support and maintenance in case the income should prove insufficient. He then, by the third clause of his will, provided that, " After the death of said wife, then my said executors shall pay what shall remain of my said personal and real estate, or the proceeds thereof, to my son Sylvester P. Moore for him to have and hold the same forever." He then provided for a condition which has not happened — for the death of his son Sylvester without issue during the lifetime of his wife, in which event he directed the estate to be divided among his brothers and sisters. By the fourth clause he provided that, " In case my said son Sylvester P. shall survive my said wife and the proceeds of what shall remain of my estate at the death of my said wife shall exceed the sum of $5,000, then, in that case, my said son shall pay out unto Carrie L., the infant daughter of my deceased son William L.

Moore, the sum of $1,000; but in case there shall remain of said estate the sum of $3,000, and not exceeding $5,000, then my said son shall pay unto said Carrie L. only the sum of $500; and if said remainder shall be less than $3,000, then my said son is to pay nothing to said Carrie L. *This payment to Carrie is a condition to his receiving the bequest herein made to him.*"

Sylvester married after the death of his father and had a daughter by the name of Nellie K. Moore, and then died, intestate, during the lifetime of the testator's widow, leaving him surviving Nellie K. Moore, his only heir at law and next of kin. The testator's widow died on the 22d day of October, 1897. The executor reports in his hands for distribution the sum of $4,177.11. The claimants for this fund are the two granddaughters of the testator, Carrie L. Moore, the daughter of the deceased son William L. Moore, and Nellie K. Moore, the daughter of the deceased son Sylvester P. Moore. The Appellate Division has reached the conclusion that the fund should be evenly divided between these two granddaughters. This conclusion appears to be just, and appeals strongly to our sympathies, but we find it difficult to so dispose of the estate and follow the well-recognized rules for the construction of wills.

The testator, at the time of his decease, was possessed of real estate which was subsequently sold by the executors under a power of sale, which, under the will, they were permitted to exercise in their discretion. The power of sale was not imperative, and, consequently, there was no conversion of the real estate into personal property, as of the date of the death of the testator. Under the statute, a future estate is vested " when there is a person in being who would have the immediate right to the possession of the property on the determination of all the intermediate or precedent estates." Sylvester, the son, was, as we have seen, in being at the time of the death of his father, and on the termination of the life estate given to the testator's widow was entitled to the immediate

possession of the property. Under this statute it is difficult to escape the conclusion that Sylvester took a vested remainder. But he took it burdened with the condition that he pay Carrie L., the granddaughter of the testator, the sum specified in the fourth clause of the will. This condition is expressly imposed by the provisions of the will. Such appears to have been his estate at the time of his death, and, having died intestate, the estate passed to his daughter Nellie K., as his only heir at law. But she, as such heir, could take no greater estate than that possessed by her ancestor, and his estate being burdened with the payment of Carrie L., it follows that the estate taken by Nellie K. is likewise burdened with such payment.

. As we have seen, the amount of the estate was $4,177.11, which was less than $5,000 and more than $3,000. It, therefore, follows that Carrie L. is entitled to receive the sum of $500, and Nellie K., or the administratrix of Sylvester P. Moore, the balance.

We are aware that this result gives Carrie L. but a small portion of the estate, leaving the larger portion to be enjoyed by a granddaughter of the testator, who was not in being at the time of his death; and in this respect the result may seem unjust; but Carrie L. gets all that she would have been entitled to receive in case her uncle Sylvester had lived until after the death of the testator's widow. It is all that the testator intended that she should have, and it would hardly be just for her to profit out of the death of her uncle to the injury of his heir at law.

The judgment of the Appellate Division and the decree of the surrogate should be modified so as to decree distribution as above indicated, and, as so modified, affirmed, without costs to either party.

All concur, except GRAY and BARTLETT, JJ., dissenting, on the ground that all the property should be paid to the administratrix of Sylvester P. Moore's estate.

Judgment accordingly.