(39 Misc. Rep. 642.)

### ADLER et al. v. KRAMER et al.

(Supreme Court, Trial Term, New York County. January, 1903.)

1. SUMMARY PROCEEDINGS—RECOVERY OF BACK RENT.

Though a warrant in summary proceedings cancels the lease, it does not estop the landlord from holding the tenants for rent up to the time the warrant was issued.

2. LEASE—BREACH—LIQUIDATED DAMAGES.

A theater lease provided for the payment of an annual rental of $22,500 and for a renewal, and also for the deposit by a tenant of $5,000, and the forfeiture of the same on a breach by the tenant, and described such sum as the amount agreed upon "as liquidated damages that the said party of the first part is entitled to have and receive, without set-off or counterclaim." *Held* that, after dispossessing the tenants for a breach of the lease, the landlords are entitled to retain the deposit as liquidated damages.

Action by Sarah Adler and Pauline Edelstein against William Kramer, Jr., and others. Judgment for defendants.

Joseph J. Harris, for plaintiffs.
O'Hare & Dinnean, for defendants.

BLANCHARD, J. This action is brought by tenants, under a written lease, to recover the sum of $5,000 deposited with the defendants, the landlords of the demised premises. The terms of the deposit, as specified in the lease, are as follows:

"It is further agreed upon the signing and delivery of these presents, the parties of the second part shall deposit with the party of the first part, the sum of five thousand dollars ($5,000) the same to be received and held by the party of the first part by way of security for the faithful performance of the conditions and covenants of this lease, and privilege of renewal, on the part of the parties of the second part, which said sum of five thousand dollars ($5,000) shall be repaid to the parties of the second part at the end of the demised term thereof, and said privilege of renewal, provided that they have performed all the conditions and covenants of this lease and that in the event of failure on the part of the parties of the second part to perform any or all

---

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 763.

of the conditions herein contained the said sum shall be forfeited to the party of the first part, as and for damages for such failure, said sum being agreed upon as the liquidated damages that the said party of the first part is entitled to have and receive without set-off or counterclaim."

Upon the trial the jury was discharged by consent of counsel, and the plaintiffs reduced their claim to the sum of $2,500, and the plaintiffs' right to the recovery of this amount was submitted to the court as a question of law. The only evidence offered was documentary, consisting of the written lease between the parties and the record of the municipal court in dispossess proceedings. From the least it appears that the Thalia Theater, situated at Nos. 46–48 Bowery, in the city of New York, was leased by the defendants to the plaintiffs for the term of one year, commencing July 1, 1896, and ending June 30, 1897, at the rental of $22,500 per year, payable in nine equal installments, of $2,500 each, on the 22d day of each month: the first payment to commence September 22, 1896. From the record of the dispossess proceedings, it appears that the plaintiffs failed to pay the installment of rent of $2,500 which became due on January 22, 1897; and because of such default in payment the proceedings were instituted, which resulted in a warrant being issued on February 23, 1897, awarding the possession of the premises to the landlords, the defendants in this action, and from the return of the marshal it appears that the said warrant was executed on that day.

The plaintiffs' claim is founded upon the following argument: (1) That the issuing of the warrant for the removal of the tenant from the demised premises cancels the lease; (2) that the stipulation in the lease as to the deposit being liquidated damages does not necessarily make it such; but (3) that, as matter of fact, it was in the nature of a penalty, and hence, after deducting the amount due to the defendants for rent at the time of the issuing of the warrant, to wit, $2,500, the balance is properly recoverable by the plaintiffs, the depositors. Assuming plaintiffs' argument to be well founded, it is not made to appear that they would be entitled to recover anything in this action. The sum of $2,500, being the installment of rent due January 22, 1897, was admittedly due; and by the terms of the lease the next installment, due February 22, 1897, was likewise due before the warrant of dispossession was issued, as this was only issued on February 23, 1897. The law, as laid down in the case of Michaels v. Fishel, 51 App. Div. 274, 64 N. Y. Supp. 1007, affirmed in 169 N. Y. 381, 62 N. E. 425, is that, although the issuing of the warrant for the removal of a tenant cancels the lease, still the landlord is not precluded thereby from holding the tenant for rent to the time the warrant was issued, at which time it would seem that two installments of rent, or $5,000, was due to defendants, or a sum equal to the amount of the deposit. Disregarding this fact, however, and assuming, as undoubtedly is the law, that the lease was canceled when the warrant was issued, and that it does not necessarily follow that the designation of the deposit as "liquidated damages" in the lease made it such, still I am of the opinion that in the present case it was liquidated damages, and was not a penalty, as plaintiffs contend. Whether the de-

posit of the $5,000 under the lease was made as liquidated damages or as a penalty is the question to be determined, and I can do no better than refer to the language of Mr. Justice Hatch in the case of Cæsar v. Rubinson, 71 App. Div. 180, 182, 75 N. Y. Supp. 544, 546, where the rule of law is admirably stated:

"Where the language is clear and explicit, providing that the sum reserved is to be regarded as liquidated damages, effect will be given to such language, unless the damages resulting from the breach are definitely ascertainable, and the sum reserved is so great as to be an unconscionable measure for the damage sustained." Citing Curtis v. Van Bergh, 161 N. Y. 47, 55 N. E. 398.

Applying this principle to the facts of the case here on trial, we find the language of the lease to be "clear and explicit" that the deposit should be regarded as liquidated damages. We find, further, that the damages cannot be definitely ascertained, when we consider the character of the demised premises and the term of the lease, for who could have foretold when the lease was entered into what loss in the rental of the premises the landlords would suffer in case of default on the part of the tenant before being able to secure another tenant paying as much rent as that provided in the lease? And it is quite evident that the amount of $5,000, the deposit in this case, is not so great as to be "unconscionable." It represented only two installments of rent reserved under the lease, and, as we have seen, that amount of loss in the rent had been suffered at the time the plaintiffs were dispossessed. I conclude, therefore, that the deposit in this case was not in the nature of a penalty, but was an entirely proper sum to be reserved as liquidated damages, and that it was so reserved by the parties. Longobardi v. Yuliano, 33 Misc. Rep. 472, 474, 67 N. Y. Supp. 902. It follows that judgment should be for the defendants, and is so rendered under the stipulation.

Judgment for defendants.