PEABODY et al. v. RICHARD REALTY CO. et al.

(Supreme Court, Trial Term, Erie County. October, 1910.)

1. PRINCIPAL AND SURETY (§ 59*)—CONSTRUCTION OF BOND OF SURETY COMPANY.

The doctrine of strict construction of a bond in favor of the surety does not apply in case of one organized to make such bonds for profit; but they should be construed most strongly in favor of the obligee.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59.*]

2. DAMAGES (§ 79*)—PROVISION FOR LIQUIDATED DAMAGES—ENFORCEMENT.

In behalf of a lessee, to whom the lease, for 10 years, turned over absolute control of some 20 pieces of property, including 18 stores and a hotel, with several thousand dollars worth of furniture, to be returned in good condition, at a rental of $2,666 per month, besides the payment of taxes and insurance, and the making of repairs, a surety company executed a bond to the lessor, providing that, if the lessee failed to perform any of the terms of the lease and was dispossessed by reason thereof, the surety company should pay $10,000 to the lessor as stipulated and liquidated damages, and not, as a penalty. Held that, in view of the damages which could be inflicted by mismanagement or carelessness of the lessee, damages were not easily ascertainable on a mere basis of monthly rental, and, no unconscionable advantage being given, the provision for liquidated damages would be enforced.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–169; Dec. Dig. § 79.*]

3. BONDS (§ 83*)—ASSIGNABILITY.

A bond is assignable, so as to give the assignee a right of action.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 88–99; Dec. Dig. § 83.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles M. Peabody and others against the Richard Realty Company and another. Judgment for plaintiffs.

Shire & Jellinek, for plaintiffs.

Phillips & Avery, for defendants.

MARCUS, J. This action is brought by the plaintiffs to recover the sum of $10,000 upon the bond made by the defendants with the Peabody Realty Company, a corporation of this state. The bond was in the sum of $10,000, in which sum the company bound itself. It recites the making of the lease by the Peabodys to the Richard Realty Company, and that the bond was given in place of other security theretofore given by the realty company. The bond was conditioned that the Richard Realty Company should well and truly perform all of the terms and conditions of the lease, and expressly provides as follows:

"In case, however, the principal shall fail to perform any of the terms of the lease on its part to be performed, and is dispossessed by the obligee by reason thereof, then and in that event the said company is bound in the said sum of ten thousand dollars, which said sum said company hereby agrees to pay forthwith to said obligee upon such dispossession as stipulated and liquidated damages and not as a penalty."

Then follow the conditions upon which the bond is executed, and which the plaintiffs show had been performed; the notices being duly given as therein provided. The principal question here is whether or not the company is liable for the sum of $10,000, or only for the damages incurred by the plaintiffs up to the time the Richard Realty Company was dispossessed.

The Richard Realty Company owed for the month of April, 1910, the sum of $2,666.66. It is also shown that of the May rents the Richard Realty Company had, before they were dispossessed, collected upwards of $600. There is no dispute, therefore, as to the liability of the defendant for about the sum of $3,300. But it is the contention of the plaintiffs that it was the intent of the parties that the sum of $10,000 should be paid as liquidated damages, and not as a penalty.

The defendant claims, first, that the plaintiff proved no cause of action, that the bond was not assignable, and that the complaint should be dismissed; second, that, if the plaintiffs are entitled to any recovery, the sum must be limited to actual damages only, and the bond should be construed as providing for a penalty, and not for liquidated or stipulated damages.

The plaintiffs originally had security which called for the damages sustained, and they could only have collected actual damages. They saw fit to substitute this bond, and it is the contention of the plaintiffs that it was the intent that damages should in this case be liquidated, and be no longer a matter of proof, since otherwise there would have been no reason to change the language used in the original security to that used in the bond.

It is undoubtedly true that the courts have sought to relieve individuals who would not know the meaning of the term "liquidated damages" from the effect thereof when it is manifest that an injustice

had been done. There is more or less confusion in the authorities upon this subject in the books, but certain rules can nevertheless be. used as a guide.

"Is the sum agreed upon out of all proportion to the probable loss under the circumstances known to the parties when the agreement was made? Is it so disproportionate that one would start at the mere mention of it, which is the test laid down in Cotheal v. Talmage?" Curtiss v. Van Bergh, 161 N. Y. 54, 55 N. E. 398.

Again, is the amount stipulated "so excessive as to shock the moral sense"? Dunn v. Morgenthau, 73 App. Div. 147, 76 N. Y. Supp. 827, affirmed on opinion below 175 N. Y. 518, 67 N. E. 1081.

Can it be said that "it would give an unconscionable advantage over the other"? Couch v. Newton Council Building Association, 109 App. Div. 856, 96 N. Y. Supp. 441.

In United States v. Bethlehem Steel Company, 205 U. S. 105–119, 27 Sup. Ct. 450, 455, 51 L. Ed. 731, the court remarked:

"The courts at one time seemed to be quite strong in their views, and would scarcely admit that there ever was a valid contract providing for liquidated damages. Their tendency was to construe the language as a penalty, so that nothing but the actual damages sustained by the party aggrieved could be recovered. Subsequently the courts became more tolerant of such provisions, and have now become strongly inclined to let parties make their own contracts and to carry out their intention, even when it would result in the recovery of an amount stated as liquidated damages upon proof of a violation of a contract and without proof of the damages actually sustained. The question also is: What did the parties intend by the language used? When such intention is ascertained, it is ordinarily the duty of the court to carry it out."

See, also, Guerin v. Stacy, 175 Mass. 595–597, 56 N. E. 892.

In Sun Print. Association v. Moore, 183 U. S. 660–674, 22 Sup. Ct. 240, 46 L. Ed. 366, the subject is fully discussed by Peckham, J., and the New York cases are particularly considered, explained, and largely quoted from. See, also, Conried Met. Opera Co. v. Brin, 66 Misc. Rep. 285–289, 123 N. Y. Supp. 6.

In Cotheal v. Talmage, 9 N. Y. 551–558, 61 Am. Dec. 716, it was held that, where the provision for the payment of a fixed sum on the breach of the agreement is found in the condition of a penal bond, the presumption is that the sum named in the condition was not designed as a penalty. See, also, Guerin v. Stacy, supra.

In Longobardi v. Yuliano, 33 Misc. Rep. 475, 67 N. Y. Supp. 902, the court observed that the damages for such a breach are uncertain and not easily and exactly ascertainable will be readily seen when the term created by the lease, the rent reserved, and the expense and possible loss of rent, together with the possible delay and difficulty in procuring another tenant on equally good terms for the balance of the term, are considered.

In Adler v. Kramer, 39 Misc. Rep. 645, 80 N. Y. Supp. 626:

"We find, further, that the damages cannot be definitely ascertained, when we consider the character of the demised premises and the term of the lease; for who could have foretold, when the lease was entered into, what loss in the rental of the premises the landlords would suffer in case of default on the part of the tenant before being able to secure another tenant paying as much

rent as that provided in the lease? And it is quite evident that the amount of $5,000, the deposit in this case, is not so great as to be unconscionable."

It is held that the doctrine of strict construction in favor of the surety does not apply, where the bond is executed by a corporation organized to make such bonds for profit. Their contracts are usually in the terms prescribed by themselves, and should be construed most strongly in favor of the obligee. 32 Cyc. 306, 307. It would seem, therefore, that the case should be a very gross one indeed to justify the court in relieving the surety company from the plain terms of a contract made with evident deliberation and with full, accurate, and precise knowledge of the legal signification of the language employed to express the measure or extent of its obligation.

The case of Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58, is clearly distinguishable from the present as regards the terms of the contract there under consideration. In that case the only breach alleged was the failure to pay $45 rent. It involved a single piece of property, with one tenant. This lease turned over a very large and extensive property in the city of Buffalo to a company, who were to have absolute control of it. They were to pay the taxes, insurance, make all the necessary repairs, and the lease was for a period of 10 years. They were to take a lot of furniture in a hotel, which was part of the premises, and return it in good condition. In fixing the terms of the payment of rent to them (defendant), they could make the same payable in advance, and collect, as they did here, $600 on the next month's rent. They could drive a lot of tenants out of the property, so that the plaintiffs could not, on taking possession, get the full rents. The property was run down to a great extent, so that it necessitated repairs of thousands of dollars, which it was the duty of the defendant realty company to make. It must therefore be clear that the damages which could be inflicted by mismanagement or carelessness on the part of the Richard Realty Company could never be accurately ascertained, and if the plaintiffs were held to the rule that they could recover but one month's rent, for which they dispossessed the defendant, it would necessarily be a hardship upon the plaintiffs, and it must therefore be presumed that for that very reason this particular contract was entered into between the parties, and why the damages were stipulated at the sum of $10,000.

The sum of $2,666.66, one month's rent, was not out of all proportion to the bond of $10,000. It has been shown that of the large amount of furniture, of the value of $3,000, there was nothing left but a few hundred; that the Richard Realty Company allowed the property to become out of repair. Proof was made to show the plaintiffs were damaged to the amount of nearly $15,000. When it is considered that, in this property rented to the defendant the Richard Realty Company, there were 18 stores, and in all upwards of 20 tenants, and that it was the duty of the tenant to keep the place in repair, and pay taxes and insurance, it is not difficult to determine what were the intentions of the parties to this contract.

The condition herein is not for payment of money. There is no condition in the bond to pay the rentals. The condition is to pay liqui-

dated damages in case of dispossession or breach of any covenant that would justify dispossession. It cannot, therefore, be said that damages are easily ascertainable on a money basis of monthly rentals, because the effect of measuring damages on a basis of rentals would not carry out the intention of the bond.

The defendants contend that the assigned bond gives the plaintiffs no right of action. This matter seems to have been settled in the case of Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379. See, also, Bassett v. Perkins, 65 Misc. Rep. 109, 119 N. Y. Supp. 354; Marklove v. Utica, C. & B. R. R. Co., 48 Misc. Rep. 269, 96 N. Y. Supp. 795; Levy v. Cohen, 103 App. Div. 199, 92 N. Y. Supp. 1074; Allen & Paxon v. Culver, 3 Denio, 284, 298.

I am satisfied, upon the whole case, that it was the intent of the parties that the sum of $10,000 should be paid as liquidated damages, and not as a penalty. Unless it should be determined that a party cannot be required to pay a sum as liquidated damages, although that was the actual intention at the time of the making of the contract, and that such a contract as this shall never be determined to mean liquidated damages, because of the possibility existing that proof might somehow be made to definitely ascertain the amount of damage, then the plaintiff is entitled to recover, because there is absolutely nothing in this contract which gives to one party an unconscionable advantage over the other.

The plaintiffs are entitled to a judgment of $10,000, with interest.

Judgment ordered accordingly.