STATE OF NORTH DAKOTA, Doing Business as the Bank of North Dakota, a Corporation, Appellant, v. W. J. HANSON, Eren W. Hanson, and Clarence Hanson, a Copartnership, Doing Business under the Firm Name and Style of W. J. Hanson & Sons, Respondents.

(213 N. W. 353.)

**Banks and banking — collection of negotiable instrument.**

1. A bank to which a negotiable instrument is sent for collection has no authority to receive anything but money in payment of the same unless specially authorized to do so.

**Bills and notes — indorsee not estopped to assert ownership of note.**

. 2. The indorsee of a demand note in good faith for value before maturity is not estopped from setting up his ownership to defeat an unauthorized contract between the agent for collection and the maker for the payment of the note by reason of the fact that he transmits the note for collection and remittance to the original payee, the bank from which he received it, where the instrument is indorsed in such a manner as to plainly indicate the facts with reference to the transfer and transmission for collection and remittance, although the maker had no knowledge of the transfer.

Opinion filed December 31, 1926.   Rehearing denied April 29, 1927.

Banks and Banking, 7 C. J. § 245 p. 598 n. 33; § 268 p. 609 n. 10; § 276 p. 614 n. 46, 47.   Bills and Notes, 8 C. J. § 547 p. 367 n. 83, 86 New.

Appeal from the District Court of Williams County, *Moellring*, J. Action on a negotiable instrument.   The defendants had judgment.

---

Annotation.— (1) On liability of bank acting as collection agent for receiving payment in any other than cash, see annotation in 52 L.R.A. (N.S.) 653; 3 R. C. L. 616; 1 R. C. L. Supp. 864; 5 R. C. L. Supp. 189; 6 R. C. L. Supp. 192.

(2) As to creation of power arising from restrictive indorsement, see 3 R. C. L. 973; 1 R. C. L. Supp. 936.

From such judgment and from an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appeals.

Reversed.

*P. H. Butler,* for appellant.

*Halvor L. Halvorson,* for respondents.

NUESSLE, J. This appeal is from an order of the district court of Williams county denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial and from the judgment entered in favor of the defendants.

On this appeal appellant challenges the sufficiency of the evidence to sustain the verdict and insists that it was entitled to judgment notwithstanding such verdict. The appellant also assigns error on account of rulings of the trial court touching the admission or rejection of evidence as well as on account of instructions given to the jury.

The facts (stating the version most favorable to the defendants) in so far as the same are pertinent to the questions involved are substantially as follows: In 1920 and thereafter the Farmers Bank of Ray was a domestic banking corporation engaged in business at Ray, North Dakota. The defendants for some years prior to 1921 and thereafter were engaged in the farm machinery business at Ray. They did their banking business with the Farmers Bank. One Peterson was the cashier and managing officer of this bank up to the year 1922. In 1920 the defendants wished to engage in the business of selling tractors. They needed money to finance this undertaking so they talked with Peterson regarding the matter. He agreed to finance them through the bank providing they would divide any profits that might be realized from the business with him. This was agreed to by the defendants and the bank accordingly advanced the required money, they giving their note to the bank therefor. Some payments were made on the original note, but the whole indebtedness was not paid up. So on June 17th, 1921, the defendants executed a demand note to the Farmers Bank of Ray for $2,259.45 on this account. Prior to that time the Farmers Bank had borrowed largely from the Bank of North Dakota and then carried an account therein. On June 29th, 1921, this account was overdrawn about $3,500. The Bank of North Dakota demanded security or collateral to cover this overdraft and the defendants' note of June 17th

was indorsed and sent to it in response to this demand. The indorsement, made by rubber stamp, was: "Pay to the Order of the Bank of North Dakota, Bismarck, North Dakota, Farmers Bank of Ray, Ray, North Dakota." The plaintiff, Bank of North Dakota, had no knowledge concerning the origin of this note or of any contract relating to the same other than that contained in the instrument itself, which was in the ordinary form of demand note. The indebtedness of the Farmers Bank to the Bank of North Dakota remained unpaid and the latter retained the note among its assets. On November 18th the note was sent to the Farmers Bank for collection and remittance, and was indorsed accordingly. This indorsement by stamp on the back of the note in large black letters read: "Collect & Remit To The Bank of North Dakota, Bismarck, North Dakota." The Farmers Bank retained the note until April 23d, 1922, when it was sent back to the Bank of North Dakota. No collections on account of the note were reported and no further indorsements made thereon. Again on September 19th, 1922, the Bank of North Dakota sent the note to the Farmers Bank for collection and remittance, which latter bank retained it until February 2d, 1925, when it again returned the same to the Bank of North Dakota. No report was made to the Bank of North Dakota of any collections made thereon and no further indorsements were made on the note. The Bank of Ray became insolvent and went into receivership on August 8th, 1923. In the fall of 1923 the Bank of North Dakota sent the note to Sumner, one of its collectors, for collection. He made demand upon the defendants for payment of the same. This was the first notice the defendants had that the Bank of North Dakota was the owner and holder of the note. Defendants at once advised Sumner that the note was paid and refused to make further payments thereon. Thereafter plaintiff brought the instant action to recover on the note. The defendants admitted the execution and delivery of the note to the Farmers Bank of Ray and pleaded, first, payment prior to the time when the Bank of North Dakota became the owner and holder of the note and, second, that after the bank became the owner and holder thereof it transmitted the same to the Farmers Bank of Ray as its agent and permitted the Farmers Bank to retain the same in its possession, and that while it was so in the possession of such bank the defendants, in reliance upon that fact and without notice of the ownership of the Bank of North

Dakota, paid the same. It appeared on the trial that the alleged payments on which the defendants relied consisted of credits claimed for notes sold to, for merchandise sold and delivered to, and for services performed for the Farmers Bank of Ray, and that the cashier of the Farmers Bank had agreed to accept the notes in payment on account of the note in suit and to credit the value of the merchandise and services furnished thereon. At various times after the execution of the note in suit the defendants saw the same in the possession of the Farmers Bank of Ray. But they never had the same in their possession. They did not look at the back of the note so as to ascertain what, if any, indorsements were contained thereon. They did not insist that the credits which they claimed should be indorsed thereon in their presence. They had no notice or knowledge that the plaintiff claimed to own the note until so advised by Sumner in the fall of 1923. The aggregate of the credits claimed by the defendants was more than the face of the note. On the record as made and under the instructions as given the jury returned a verdict for the defendants.

The record is clear that the plaintiff was the holder of the note in suit in good faith and for value before maturity. This is conceded by the defendants. So far as the sufficiency of the evidence is concerned the questions presented are: First, as to whether the payments as claimed by the defendants were such as might have been made to and received by the Farmers Bank as agent for the Bank of North Dakota and, second, if not, whether under the circumstances the defendants may claim an estoppel as against the Bank of North Dakota.

When the Bank of North Dakota transmitted the note to the Farmers Bank of Ray for collection and remittance, it created the Farmers Bank its agent. But, under the authority thus conferred the Farmers Bank could accept money only in payment of the note. See 7 C. J. p. 614. The Farmers Bank had no authority to accept and credit upon the note, other notes, the value of merchandise furnished to the bank or to others, or the value of services rendered to the bank or to others. So it is clear that the defendants have not established their defense of payment to the Farmers Bank of Ray as agent for the Bank of North Dakota.

Are the facts as disclosed such as to work an estoppel as against the Bank of North Dakota? The note in suit was an instrument negotiable in form. It was payable at the Bank of Ray. When it was executed by

the defendants they were bound to know that it might be put into circulation and that others might purchase the same from the Farmers Bank. They were business men reasonably experienced and had at least a practical knowledge of the law relating to negotiable instruments. They were bound to know that the Farmers Bank might by a proper indorsement pass title to the instrument. The note was in the hands of the Farmers Bank of Ray for collection from November 18th, 1921, to April 23d, 1922, and from September 19th, 1922, to February 2d, 1923. The remainder of the time it was in the Bank of North Dakota at Bismarck. The defendants saw the note at different times while it was in the hands of the Farmers Bank for collection, but they did not examine it. While they asked and were told by the Farmers Bank that they would be given credit on the note for the various items claimed, nevertheless, they did not insist that such credits be indorsed upon the note, nor did they ever make inquiry as to whether the note had been negotiated to and was owned by someone other than the Farmers Bank. The note was plainly indorsed by the Farmers Bank. It bore the stamp of the Bank of North Dakota, indicating clearly that it was to be collected and the proceeds remitted to the Bank of North Dakota. Even a cursory examination of the note would have disclosed these facts. This court said in the case of Hollinshead v. John Stuart & Co. (Hollinshead v. Globe Invest. Co.) 8 N. D. 35, 42 L.R.A. 659, 77 N. W. 89: "Respondent knew the note was negotiable, and that the quality of negotiability would adhere to it every minute until it reached maturity. He knew it was intended to pass from owner to owner by indorsement, and that it was liable thus to pass at any moment, and he knew that the last person thus receiving it could require at his hands the full amount of the note. . . . He had in his own hands the means of absolute protection. He had only to see to it that he received his note when he paid his money. If he neglected this simple requirement, demanded not more by the law than by common prudence, he paid at his peril; and if loss occurs he must bear it. One party or the other must suffer, and he being the party in fault must bear the burden." This language almost exactly fits the instant case. The simplest precaution on the part of the defendants would have insured them against any loss. They had but to examine their note and it would have disclosed to them at once the fact that the Farmers Bank was not the

owner but merely an agent for collection. They had made the note payable at the Farmers Bank, so possession by this bank cannot justify their failure to do so. We are forced, therefore, to the conclusion that the evidence is wholly insufficient to establish the defense relied upon by the defendants, and that the plaintiff was entitled to judgment notwithstanding the verdict. This conclusion renders unnecessary an examination of the other errors assigned. The judgment of the district court will accordingly be reversed and the cause remanded with directions that judgment be entered for the plaintiff for the amount of the note with interest as prayed in the complaint.

It is so ordered.

BIRDZELL, Ch. J., BURKE and CHRISTIANSON, JJ., and JANSONIUS, Dist. J., concur.

BURR, J., did not participate; Hon. FRED JANSONIUS, Judge of the Fourth Judicial District, sitting in his stead.