## C. FAKLER, Respondent, v. A. LEVINE, Appellant.

(214 N. W. 275.)

**Controlled by prior decision.**

This action is controlled by the decision in the case of Berg v. Federal Reserve Bank, ante, 406, decided at this term of court.

Opinion filed June 11, 1927.

Bills and Notes, 8 C. J. § 803 p. 578 n. 31.

Appeal from the District Court of Golden Valley County, *Lembke, J.*

Reversed.

*Simpson & Mackoff,* for appellant.

"Where a bank accepts for deposit a check drawn on itself and credits the payee with the amount, this creates the relation of debtor and creditor between the bank and the payee, and is equivalent to payment of the amount of the check to the drawer; and it is held that the bank has no right to charge back the amount credited to the payee even though the drawer fails to pay the amount." McLaughlin v. First Nat. Bank, 6 Dak. 406, 43 N. W. 715; Citizens State Bank v. Iverson, 30 N. D. 497, 153 N. W. 499.

The relation of debtor and creditor, instead of principal and agent, is established between respondent and bank is held in case of Plumas County Bank v. Rideout, 165 Cal. 126, 47 L.R.A.(N.S.) 552, 131 Pac. 360.

"Collection by a bank of a debt sent to it for collection in a check upon itself, is equivalent to collection in money, even if the bank failed the same day." Morse, Bkg. 4th ed. § 248.

"The limitation period upon a check delivered and accepted in the place where the drawee bank is located begins to run at the close of the next business day after such delivery." Colwell v. Colwell (Or.) 4 A.L.R. 870, 179 Pac. 916.

"The rule is, that where the payee or holder is in the same town where the bank is located, the check would be presented the next secular day

after it is received and during banking hours." Magee, Banks & Bkg. 3d ed. p. 312.

*H. L. Halliday,* for respondent.

"Deposits in the bank create between it and the depositor or the person to whom the credit for the deposit is given the relation of debtor and creditor." McLaughlin v. First Nat. Bank, 43 N. W. 715.

"Where one gives to another in payment of a debt, a check upon a bank at which he had on deposit sufficient money to meet the payment of the check, and the payee deposited the check for collection in another bank, which immediately forwarded it to the drawee bank for payment, an entry on its books by the drawee bank, charging the account of its depositor with the amount of the check, was the equivalent to the payment thereof." Smith Roofing & Contracting Co. v. Mitchell, 117 Ga. 772.

PER CURIAM. This action is controlled by the decision in the case of Berg v. Federal Reserve Bank, ante, 406, 52 A.L.R. 988, 213 N. W. 963, decided at this term of court. The plaintiff seeks to recover the sum of $250, the purchase price of stock purchased from the plaintiff by the defendant. On the 9th day of February, 1926, the defendant purchased live stock of the plaintiff, giving the plaintiff at said time a check to bind the bargain in the sum of $25 on the Golden Valley County State Bank. The stock was delivered on the 13th day of February and a check for $225 given by the defendant to the plaintiff at said time on the said bank, that being the balance due for the purchase of said stock. On the 17th of February thereafter the plaintiff presented the two checks at said Golden Valley County State Bank and requested credit for them on the account which he carried in the bank at that time. The checks were received by the assistant cashier of said bank and a duplicate deposit slip was issued and delivered to the plaintiff at said time. On the morning of February 17th the assistant cashier received orders from the officers of the bank not to accept any deposits, but he was authorized to pay checks to any one who presented the same for payment, and it is conceded that neither plaintiff nor defendant had any knowledge of such orders. Both plaintiff and defendant carried large accounts in the bank and had confidence therein. The assistant cashier receiving the checks did not give the plaintiff credit for the amount of the checks and did not charge the same to the account of the defendant.

The bank continued to pay all checks that were presented up to and including February 20, 1926. February 21st was on Sunday, and, the next day being the 22d of February, a legal holiday, the bank did not open until the 23d, when it closed for business and went into the hands of a receiver as an insolvent bank. The checks were returned to the plaintiff who then made demand upon the defendant for payment and, payment being refused, he brought this action to recover thereon. The case was tried to a jury and a verdict was rendered for the defendant. A 'motion to set aside the verdict and for a new trial was granted by the court, and from the order setting aside such verdict and granting a new trial the defendant appeals.

It is clear from the evidence in this case that, if the plaintiff had demanded payment at the time he presented the checks at the bank, he would have been paid. It is conceded that the defendant had money in the bank to pay the checks and that the bank was paying all checks at the time. But the plaintiff did not want the money; he wanted credit for the amount of the checks in his regular account at the bank, and it was at his own request that the checks were received by the bank for credit and a deposit slip given to him.

In the case of Berg v. Federal Reserve Bank, supra, this court held that the maker of a check engages that on due presentation of the check at the bank the check will be accepted and paid according to its tenor and that, if dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount to the holder or to any subsequent indorser who might be compelled to pay it. (Citing Comp. Laws 1913, § 6946; Neg. Inst. Law, § 61.) "If the holder, instead of receiving money, causes the check to be deposited to the credit of his account in the drawee bank, the check is paid and the drawer released from liability thereon."—Citing Burton v. United States, 196 U. S. 283, 49 L. ed. 482, 25 Sup. Ct. Rep. 243; First Nat. Bank v. Burkhart, 100 U. S. 686, 25 L. ed. 766.

It is clear from the evidence that what was done at the bank was done at the request of the plaintiff, and the order of the lower court must be reversed and judgment entered for the defendant. It is so ordered.

BIRDZELL, Ch. J., and NUESSLE, BURKE, BURR and CHRISTIANSON, JJ., concur.