E. O. KLEVE, Respondent, v. THE STATE OF NORTH DAKOTA, Doing Business as the Bank of North Dakota, Appellant.

(227 N. W. 218.)

Opinion filed October 24, 1929.

*P. H. Butler,* for appellant.

*E. O. Kleve,* pro se, and *Ritchie & Ployhar,* for respondent.

NUESSLE, J.   Kleve, the plaintiff, held a Mercer county tax sale certificate.   The tax debtor redeemed and the county auditor sent a warrant for the amount of the redemption money to plaintiff.   Plaintiff deposited this warrant in the Sheridan County State Bank, where he did his banking business, for collection and credit.   His account was credited with the amount thereof.   The Sheridan County Bank in the usual course of business transmitted the warrant to its correspondent the Northwestern National Bank of Minneapolis and this bank in turn sent it forward to the First State Bank of Stanton for collection.   The bank of Stanton presented it to the county treasurer of Mercer county and received in payment thereof the treasurer's check payable to it, drawn on the First National Bank of Mandan. The Stanton bank then sent the check forward to the defendant, its correspondent and depositary, for collection and credit on its account,

and, at the same time, drew- a draft on the defendant for the amount of the collection less 25 cents charges, and sent it forward to the Northwestern National Bank from whom it had received the warrant. The defendant received the treasurer's check in the usual course of business, credited the Stanton bank with the amount thereof on its books, and in the usual course presented the check to the First National Bank and received the cash therefor. In the meantime and before the defendant had presented and collected the check, but after it was received and the credit given, the Stanton bank became insolvent and was closed. Thereafter the Northwestern National Bank presented the draft drawn on the defendant by the Stanton bank. The defendant refused to pay the same and returned it to the Northwestern National Bank. Thereafter the defendant charged back to the account of the Stanton bank certain items of indebtedness which were due and owing to it from. the latter and thereby exhausted the credit of the Stanton bank with the defendant. Subsequently the account of the defendant with the Stanton bank was closed and settled with Baird, the receiver of the latter. At the time this settlement was made defendant had no notice or knowledge of the plaintiff's claim or that the check received by it from the Stanton bank was issued in payment of plaintiff's warrant. The draft on the defendant sent to .the Northwestern National Bank was drawn on February 23, 1928. The record does not disclose the dates of all the various subsequent transactions, but it does appear that after the account between the defendant and the Stanton bank was closed and settled, and on April 24, 1928, the plaintiff filed a claim with the receiver of the Stanton bank for the amount of his warrant and this claim was allowed by the receiver as a preferred claim so far as the pro rata cash assets of the bank were sufficient and for the balance, if any, as a general claim. The plaintiff has never formally accepted this allowance; nor has he received any payment on account of his claim. Following the usual course when payment of the draft drawn by the Stanton bank against the defendant and transmitted to the Northwestern National Bank was refused, the Northwestern National Bank charged the amount of the same back against the Sheridan County State Bank and it in turn charged the same back against the account of the plaintiff. On this state of facts the plaintiff brought this

action to recover the amount of his claim from the defendant. The trial court found for the plaintiff and ordered judgment accordingly. The defendant then perfected this appeal.

The plaintiff contends, and this was his position in the lower court, that the defendant received the check on the First National Bank of Mandan from the Stanton bank as plaintiff's agent and that accordingly defendant became responsible to him for any negligence on its part that resulted in loss or damage to the plaintiff and that the manner in which the item was handled constituted negligence. On the other hand, defendant insists that it never became or was the agent of the plaintiff; that it received the check from the bank of Stanton without notice of its source or that plaintiff had any interest therein; that the Stanton bank made the collection as plaintiff's agent and held the proceeds in trust for the plaintiff; that when the treasurer's check was forwarded to and deposited with the defendant the defendant received the deposit and credited the bank of Stanton therewith without any notice of the plaintiff's claim; that it had claims against the bank of Stanton and satisfied these out of that bank's account with it without notice of any of the plaintiff's rights; that this course was assented to by the bank of Stanton through Baird its receiver; that subsequently when the plaintiff presented his claim to Baird and Baird allowed it as a preferred claim, such allowance was consistent with the settlement and adjustment made by and between Baird and the defendant; that at the most plaintiff only had a right of election as to whether he would have recourse against the defendant or against the bank of Stanton, and by filing his claim he elected to have recourse against the bank of Stanton.

Under the statute, chapter 92, Sess. Laws 1927, the Stanton bank was the agent of the plaintiff to collect the warrant against Mercer county. It was the duty of the bank to make the collection in cash. It did otherwise at its peril. National Bank v. Johnson, 6 N. D. 180, 69 N. W. 49; Pickett v. Thomas J. Baird Invest. Co. 22 N. D. 343, 133 N. W. 1026, 2 N. C. C. A. 722; Federal Reserve Bank v. Malloy, 264 U. S. 160, 68 L. ed. 617, 31 A.L.R. 1261, 44 Sup. Ct. Rep. 296. Instead it saw fit to accept the check of the treasurer of Mercer county drawn on the First National Bank of Mandan. This check was payable to it. The Stanton bank then transmitted the check to the defendant, its correspondent, for collection, and, at the same time, drew a

draft on the defendant for the amount of the collection less 25 cents, and sent it forward to the Northwestern National Bank from which it had received the warrant. Under these circumstances the check given by the treasurer of Mercer county in payment of the warrant remained the property of the plaintiff and he had the right to follow it as such. National Bank v. Johnson, supra. But the check was payable to the Stanton bank, and when the defendant received it for collection and credit it had no knowledge of the rights of the plaintiff and there was nothing to put it upon notice thereof. Defendant received the check and credited the account of the Stanton bank with the amount thereof. The relation of debtor and creditor resulted. Shuman v. Citizens State Bank, 27 N. D. 599, L.R.A.1915A, 728, 147 N. W. 388; Citizens State Bank v. Iverson, 30 N. D. 497, 153 N. W. 449; Bank of Conway v. Stary, 51 N. D. 399, 37 A.L.R. 1186, 200 N. W. 505. Thus it was a holder for value. First Nat. Bank v. Wells County, 54 N. D. 502, 209 N. W. 962. It was not the agent of the plaintiff. Clearly it was not guilty of negligence in its handling of the item. When the Stanton bank was closed as insolvent, Baird as receiver succeeded to the rights of the bank. He stood in its shoes. Gilbertson v. Northern Trust Co. 53 N. D. 502, 42 A.L.R. 1353, 207 N. W. 42. When subsequently the defendant collected the check the situation was not changed. The credit had been given and remained as given to the advantage of the Stanton bank and its receiver. When the draft drawn on the defendant by the Stanton bank, and which had been sent to the Northwestern bank was presented, the defendant had perforce to refuse payment because of the insolvency of the drawer. The defendant had no notice or knowledge that this draft was issued in payment of the plaintiff's claim or that plaintiff had any claim. The fact that the draft was for only 25 cents less than the amount of the treasurer's check, was not sufficient to charge it with notice of the details of the transaction. The Stanton bank owed the defendant other items. The defendant settled with the receiver, setting off the items owed by the bank against the credit which the bank had with it. Thus the receiver consented to the application of the credit on the obligations of the bank. The defendant having no notice of the plaintiff's rights, this was permissible and proper so far as it was concerned. See chapter 139, Sess. Laws 1923; Shuman v. Citizens State Bank,

supra; Arnold v. San Ramon Valley Bank, 13 A.L.R. 320, and note (184 Cal. 632, 194 Pac. 1012).

The receiver of the Stanton bank is not a party to this action. We are not here concerned with the rights or remedies of the plaintiff as against the Stanton bank, but when the plaintiff presented his claim to the receiver it was allowed as a preferred claim. Thus it appears that the receiver took note of the fact that the assets of his bank had been augmented by the proceeds of the collection and that the bank had received the benefit thereof in the settlement with the defendant.

The judgment of the district court is reversed and the action dismissed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.