[File No. 6091.]

HAYNES EQUITY UNION EXCHANGE, a Corporation, Appellant, v. FIRST NATIONAL BANK OF HETTINGER, NORTH DAKOTA, a Corporation, Respondent.

(246 N. W. 37, 87 A.L.R. 437.)

Opinion filed December 19, 1932.

*Jacobsen & Murray,* for appellant.

*Sullivan, Hanley & Sullivan,* for respondent.

BURKE, J.   In this action the plaintiff sues the defendant to recover on a check, dated the 23rd day of September, 1931, for the sum of $750.00.   The case was tried to the court and the trial judge made findings of fact and conclusions of law favorable to the defendant, upon which judgment was entered dismissing the case.   Thereafter the plaintiff duly appealed from the judgment.

From the facts, as stipulated, it appears that on the 23rd day of September, 1931, the plaintiff had on deposit in the Adams County State Bank a credit balance of $815.61 and on said day, the plaintiff executed and delivered its check for the sum of $750.00 against its account in the Adams County State Bank, payable to the First National Bank of Hettinger; the said Adams County State Bank and the First National Bank of Hettinger being both located in the town of Hettinger, North Dakota.   At the time of receiving the check from the plaintiff the defendant bank gave the plaintiff credit upon the books of said defendant bank in the sum of $750.00, the amount of the said check, but no deposit slip of any kind was executed or delivered to the depositor. On the 23rd day of September, 1931, the date upon which the said check was issued, in connection with the clearing as between the First National Bank of Hettinger and the Adams County State Bank, and on the close of business on said day, the defendant presented said check to the Adams County State Bank for payment and that the said Adams County State Bank did, then and there, upon said clearing for said check, and other items, make, execute and deliver its draft to the First National Bank of Minneapolis in the sum of $3,394.77.   That at the said time the Adams County State Bank had sufficient funds in the First National Bank of Minneapolis to take care of and pay said draft and at said time the total cash on hand in the Adams County State Bank was the sum of $2,098.25.   That the plaintiff never at any time specifically authorized the defendant to take any draft of the Adams County State Bank in lieu of cash and gave no specific instruction whatsoever with reference to the handling of said item.   The said check was received by the Adams County State Bank and handled by the said bank at the time according to their usual course of business and clearing, but it was determined the

same evening that the Adams County State Bank would not open for business the next morning and it was agreed that the draft would not be paid, as the Adams County State Bank would be closed before said draft was paid and collection made upon all of the checks in the last day's clearings. Accordingly, the said check, and other items making up said draft, were held with the intent and purpose of returning the same to the First National Bank of Hettinger. Before the return was made the State Examiner took charge of the Adams County State Bank and directed that said checks be posted against the various accounts to which they were drawn and on the 25th day of September 1931, the said check, and other items, which had been received by the defendant, were posted against the various accounts upon which they were drawn and the same were marked paid. On the evening of the 25th of September, after the posting of said checks, the First National Bank of Hettinger, the defendant, demanded the checks from the examiner in charge of the bank and was advised that the method adopted by the examiner was the usual and customary method of handling matters of that sort and the checks were not returned, the examiner sent to the plaintiff a statement, introduced in evidence as exhibit "B," showing that the charge of $750.00 was made on the 23rd day of September, 1931, and is the item exhibit "A," and that the said posting was actually done by the bank examiner on the 25th day of September, 1931. The $750.00 check was returned to the plaintiff with the statement and has been in its possession at all times since. Immediately after the defendant bank received the draft from the Adams County State Bank it forwarded, forthwith, the said draft to Minneapolis for collection and credit to the account of the First National Bank of Hettinger but the Adams County State Bank not opening for business on the 24th day of September, 1931 and the First National Bank of Minneapolis receiving notice of the closing of said bank by wire, refused payment on the draft and refused to give credit therefor. On the 27th day of October, 1931, the defendant bank charged the account of the plaintiff with the amount of said check without the knowledge of the plaintiff. The defendant bank, in its pass book, known as depositor's book, set out therein the policy, terms and conditions upon which it accepted checks, drafts and other items for credit or collection and defendant's exhibit "1," is a sample of the pass books in use at the said First National Bank of Hettinger,

and which had been in use in said bank for several years prior. It was further stipulated that it was, at the time of this transaction, and for many years prior thereto, a well established custom, in the business of banks and banking in western North Dakota and also in the community of Hettinger, North Dakota, and at Hettinger, North Dakota, and for banks generally, to conduct their business in the manner set out in the pass book above referred to. The plaintiff was not furnished with a pass book. No book was used in connection with its transaction with the bank and on various occasions had charged back to the account of the plaintiff bad checks, checks not paid for want of funds, checks drawn on accounts not in existence, but had not at any time previously charged back any check in any transaction similar to the one in the instant case.

There was no specific agreement made between the plaintiff and defendant as to the deposit involved nor as to the condition under which the deposit was made and received and none whatever with reference to the manner of handling the item and it was further stipulated that the court may assume that the plaintiff has testified, subject to the objection of the defendant, that it is irrelevant and immaterial, that the plaintiff had no actual knowledge of the provisions set out in the passbook or the custom of banking as referred to and set out in the pass book, excepting only as to the previous return and charge back of items as hereinbefore stipulated. That the defendant handled this transaction in the same manner and pursuant to the general course of business as was generally customary, as hereinbefore set forth and was in operation in western North Dakota and in the community of Hettinger and the town of Hettinger, including the presentment of the item, the receiving of the draft, the forwarding of the draft to the Minneapolis bank upon which it was drawn for credit, the charging back of the item upon the failure of realization upon the draft, was all in accordance with the usual and general custom of banks and banking hereinabove set out.

It also appears that neither plaintiff nor defendant had knowledge or information of the failing condition of the Adams County State Bank.

It is not claimed that the pass book introduced in evidence was the pass book of the plaintiff. In fact, it is stipulated that the plaintiff had no pass book and was not even given a deposit slip of any kind at the time that the check was given to the defendant bank. The pass book is

entirely blank, except on the first page appears the conditions upon which the banker received deposits. The material portion of it is as follows:

## "NOTICE

"By the delivery of this pass book by this bank and the receiving of it by the customer the following terms and conditions are hereby assented to: . . .

"In receiving items for deposit or collection this bank acts only as the depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to the final payment in cash or solvent credits."

The trial court held that the plaintiff was bound by this provision in the notice in the pass book and said that "If it were not for exhibit 1, the pass book of the defendant, containing certain rules and regulations, there would be no doubt of the liability of the defendant, under the decisions of our supreme court in State v. Hanson, 55 N. D. 370, 213 N. W. 353; Berg v. Federal Reserve Bank, 55 N. D. 406, 231 N. W. 963, 52 A.L.R. 988. In view of such rules and regulations contained in exhibit 1 (the pass book) and it being stipulated that they were, at the time of the transaction, the rules in force and the established custom among the banks in the western part of North Dakota including Hettinger, the defendant would not be liable. It is stipulated that the defendant did not have a copy of said pass book and there was no specific agreement between the plaintiff and defendant."

The defendant relies upon the provisions in the stipulation, namely: That it was, at the time of this transaction and for many years prior thereto, a well established custom in the business of banks and banking in western North Dakota and also in the community of Hettinger, North Dakota and at Hettinger, North Dakota, for banks generally to conduct their business in the manner set out in the pass book.

On the delivery of the plaintiff's unrestricted check to the defendant the plaintiff was given credit in the defendant bank for the amount of the check. It was presented on the same day to the Adams County State Bank in the same town and on receipt of the Adams County State Bank's draft to the First National Bank of Minneapolis, the defendant

bank delivered over to the Adams County State Bank the said check and it was charged against the account of the plaintiff in the said Adams County Bank.

In the case of Clancy v. First State Bank, 55 N. D. 946, 215 N. W. 779, this court said: "When the plaintiff issued his check to the defendant for a deposit credit and the defendant placed the same to the credit of the plaintiff and permitted him to check against it, the defendant became the owner of the check and so far as this case is concerned the relation between the parties was that of debtor and creditor. This is now the settled law in this jurisdiction." First Nat. Bank v. Wells County, 54 N. D. 502, 209 N. W. 962.

In the case of Berg v. Federal Reserve Bank, 55 N. D. 406, 213 N. W. 963, 52 A.L.R. 988, this court said: "The legal obligation of the bank is to pay the customer's checks in money; but this obligation may be waived by the holder of the check. He is at liberty to accept any medium of value which the bank may offer; and where upon presentment of a check the holder accepts a draft in payment thereof the check is paid and the drawer thereof discharged from all liability thereon."

"A bank to which a negotiable instrument is sent for collection has no authority to receive anything but money in payment of the same unless specially authorized to do so." State v. Hanson, 55 N. D. 370, 213 N. W. 353; Kleve v. State, 58 N. D. 715, 227 N. W. 218.

In the case of Berg v. Federal Reserve Bank, 55 N. D. at page 410, this court said: "A check is payable in money. If, however, the holder of the check is willing to accept anything else in payment, and the drawee bank is willing to give it, the drawer of the check is not concerned. His contract is fulfilled when the check is paid." Citing 5 R. C. L. pages 498 and 499. At page 411, 55 N. D. supra, the following statement is quoted with approval: "And if the holder in lieu of money accepts a draft from the drawee bank, such acceptance amounts to payment and he takes the draft at his own risk and not at the risk of the drawer of the check." Citing Simpson v. Pacific Mut. L. Ins. Co. 44 Cal. 139; Anderson v. Gill, 79 Md. 312, 29 Atl. 527, 25 L.R.A. 200, 47 Am. St. Rep. 402; Comer v. Dufour, 95 Ga. 376, 22 S. E. 543, 30 L.R.A. 300, 51 Am. St. Rep. 89; Loth v. Mothner, 53 Ark. 116, 13 S. W. 594; 2 Morse, Banks & Bkg. 5th ed. § 426.

In the case of Oregon Iron & Steel Co. v. Kelso State Bank, 129

Wash. 109, 224 Pac. 569, 38 A.L.R. 178, at page 184, the court in construing the effect of an attempt to pay a check by draft said: "The answer to this is that the law lays down the obligation of the bank to which the check is presented, and that obligation is to pay in cash. If the drawer desires to have payment made in any other manner, of course that is a matter which he and the bank might agree upon; but the bank could not relieve itself of the obligation to pay in cash by forwarding a draft."

In Douglas v. Federal Reserve Bank, 271 U. S. at pages 492 and 494, 70 L. ed. 1051, 46 S. Ct. 554, the court said: "While there is not entire uniformity of opinion, the weight of authority supports the view that upon the deposit of paper unrestrictedly indorsed, and credit of the amount to the depositor's account, the bank becomes the owner of the paper, notwithstanding a custom or agreement to charge the paper back to the depositor in the event of dishonor." Burton v. United States, 196 U. S. 283, 49 L. ed. 482, 25 S. Ct. 243; National Bank v. Bossemeyer, 101 Neb. 96, 162 N. W. 503, L.R.A.1917E, 374; Walker v. D. W. Ranlett Co. 89 Vt. 71, 93 Atl. 1054; Aebi v. Bank of Evansville, 124 Wis. 73, 102 N. W. 329, 68 L.R.A. 964, 109 Am. St. Rep. 925. See also the case of Fakler v. Levine, 55 N. D. 468, 214 N. W. 275.

In 5 Michie on Banks & Bkg. at page 49, § 26 the rule is stated as follows: "But in the absence of agreement where the bank accepted the check and placed the amount to the depositor's credit, he becomes a creditor of the bank. The giving of the credit being practically and legally the same as if the bank had paid the money to the depositor and had received it again on deposit. The transaction is closed as between them, if the paper is genuine."

In the instant case there was no agreement, the paper was genuine, the plaintiff's money was in the drawee bank for the payment of the check and when the same was presented for payment and the holder accepted a draft in lieu of money the check was paid and as stated in the case of Clancy v. First State Bank, 55 N. D. 946, 215 N. W. 779, supra, any custom relating to charging back against the account, if the check was not paid would not apply as the check was paid.

The judgment is reversed and judgment is ordered for the plaintiff as prayed for in the complaint and for costs.

CHRISTIANSON, Ch. J., and BIRDZELL, BURR and NUESSLE, JJ., concur.