(107 N. W. 524.)

A. G. Becker & Co. v. The First National Bank of Harvey.

Opinion filed May 7, 1906.

**Appeal — Review — Harmless Error.**

1. It is not prejudicial error to exclude certain testimony when the record shows proof of the facts attempted to be shown by such testimony and such facts are undisputed.

**Banks — Liability for Negligence Only When Damages Follow.**

2. If a bank violates instructions or is guilty of negligence or misconduct and fails to collect a claim sent to it for collection, it will be liable only for the actual loss caused by its negligence or misconduct.

Appeal from District Court, Wells county; *Burke, J.*

Action by A. G. Becker & Co. against the First National Bank of Harvey. Judgment for defendant and plaintiff appeals.

Affirmed.

*Anton Grethen,* for appellant.
*Hanchett & Wartner,* for respondent.

Morgan, C. J. The complaint alleges that the Friedman Automobile Company made a sight draft upon the firm of Blanding & Fischer of Fessenden, N. D., for the sum of $504, the unpaid balance of the purchase price of an automobile, and received said sum thereon, less collection fees, upon depositing the same with the plaintiff, a banking corporation of Chicago, Ill., and indorsing the same to it. There was attached to the draft a bill of lading issued by the railroad company over whose road the automobile was

shipped, to the order of said automobile company for the auto-
mobile, consigned to itself at Fessenden, N. D.   The plaintiff bank
sent the draft, with the bill of lading attached, to the defendant bank
with instructions to collect the same, and not to deliver the bill of
lading to said Blanding & Fischer until the draft was paid in full.
The complaint further alleges "that said defendant received the
said bill of exchange and the said bill of lading, * * *    and
did thereupon, in violation of the instructions given it as aforesaid,
and in collusion with said firm of Blanding & Fischer, fraudulently
deliver said bill of lading to said firm without payment of said bill
of exchange and said firm of Blanding & Fischer by means of the
possession of said bill of lading received said merchandise from
said railroad company, and has ever since kept the same and
has never paid said bill of exchange or any part thereof and said
bill of exchange is still in the possession of said defendant, and
this plaintiff has never received payment therefor or any part there-
of, although often demanded, whereby the plaintiff lost its secur-
ity for said bill of exchange and has been damaged to the amount
of said sum of $504. * * *"   The answer admits the receipt of
the draft for collection and the receipt of the bill of lading attached
thereto, and alleges that it presented the draft to Blanding   &
Fischer for payment, and payment was refused, unless they were
permitted to examine the automobile; that defendant permitted said
firm to examine it, and, after such examination, said firm refused
to accept it and refused to pay the draft;   that said automobile
has ever since been in defendant's possession as plaintiff's agent.
The trial court directed a verdict for the defendant at the close
of the plaintiff's case.   A motion for a new trial was duly made and
denied.   Judgment was entered on the verdict, and plaintiff has
appealed from said judgment.

Two specifications of error are relied on:   (1)  The refusal of
the court to receive in evidence two letters written by the defendant
to the plaintiff in reference to the subject-matter of the litigation;
(2) the direction of a verdict in defendant's favor.   The first as-
signment of error may be disposed of without determining whether
it was error to refuse to receive the letters in evidence.   The letters
are set forth in the abstract.   On examination of them, in connec-
tion with the evidence and the pleadings, it appears that every
material fact set forth or contained in the letters is shown by the
evidence or admitted in the pleadings to be true.   Hence no preju-

dice could follow their exclusion. The facts alleged in the complaint are not wholly sustained. The plaintiff has failed to show that it instructed the defendant not to deliver the bill of lading to Blanding & Fischer, unless upon payment of the draft, as alleged in the complaint. No such instructions were given. The evidence also shows that the automobile was consigned to Blanding & Fischer, and not to the automobile company, as alleged in the complaint. The defendant, however, admits that it delivered the bill of lading to that firm for the purpose of permitting a temporary examination of the machine, and that the firm got temporary possession of the machine by virtue of said bill of lading. The defendant insists that it had the right to surrender the bill of lading for the purposes mentioned, in view of the fact that it had received no instructions from the plaintiff in respect thereto. We are not called upon to determine that point. Conceding that the defendant exceeded its authority in regard to the delivery of the bill of lading, it does not follow that the plaintiff can recover the face value of the draft which it is claimed that the bill of lading was security for. If the defendant exceeded its authority or violated instructions or was guilty of negligence in the matter of the collection of the draft, and plaintiff was damaged thereby, the plaintiff could only recover the actual damages caused by the acts or omissions of the defendant. 21 Am. & Eng. Enc. Law (2d Ed.) p. 458; Mechem on Sales, section 518, and cases cited; Daniel on Neg. Instruments, section 329; First National Bank v. Fourth National Bank, 77 N. Y. 320, 33 Am. Rep. 618; Borup v. Nininger, 5 Minn. 523 (Gil. 417).

Plaintiff would be entitled only to be placed in the same position as it would have been in had the defendant strictly performed all of its obligations with reference to the collection of the draft. It appears from the record that Blanding & Fischer refused to pay the draft until they were given an opportunity to examine the machine. Thereupon defendants permitted an examination of the machine. The examination showed defects which caused them to refuse to accept the machine, and the same was delivered back to the defendant as plaintiff's agent, who has held it ever since. This leaves the parties in precisely the same situation, so far as damages are concerned, as they were in when Blanding & Fischer refused to pay the draft unless they were permitted to examine the machine. The title to the machine has not changed. The delivery of the machine to the purchaser was for a temporary purpose only.

There is no showing that the machine is in any different condition than it was in before it was delivered to the purchasers for a special purpose. The surrender of the bill of lading was of no consequence, as it is of no value intrinsically, and could serve no useful purpose to the plaintiff, inasmuch as it has the possession of the machine. The possession of the bill of lading served no purpose except to secure possession of the machine from the railroad company. The delivery of the bill of lading to the purchasers did not change the right to the possession of the machine, except temporarily, and did not affect the title at all. The title remained in the plaintiff at all times. It is therefore plain that no damages have been shown. There is no contention that the machine has been in any way injured. There is no showing that the purchasers are insolvent, and cannot be made to respond to damages for breach of the contract of purchase by their failure to accept the machine. If any special damages have been suffered by the plaintiff through the failure of the purchasers to accept the machine, if wrongful, plaintiff has a remedy. From a legal point, the relations of plaintiff and the purchasers have not changed by reason of the fact that the purchasers were given temporary possession of the automobile. No damages have been shown, and plaintiff has no cause of action until damages are shown to have been suffered by it through the fault of the defendant. We have examined the cases cited by the appellant in support of its contentions, but they are not in point. In all of them damages were proven to have followed the negligence or misconduct of the agent.

The judgment is affirmed. All concur.