C. M. GILBERTSON as Receiver of the First National Bank of Towner, North Dakota, a Corporation, Respondent, v. NORTH-ERN TRUST COMPANY, a Corporation, Appellant.

(42 A.L.R. 1353, 207 N. W. 42.)

**Receivers — receiver takes estate of insolvent for benefit of creditors; has same rights and obligations of insolvent at moment of insolvency; choses in action pass to him subject to right of set-off existing at time of insolvency.**

1. A receiver takes the estate of an insolvent for the benefit of the creditors. He is in effect an assignee and stands in the shoes of the insolvent with exactly the same rights and obligations that the latter had at the moment of insolvency; therefore, choses in action pass to him subject to any right of set-off existing at the time of insolvency.

**Banks and banking — funds deposited in a bank subject to payment on demand and bank is closed on account of insolvency, deposit becomes due and no demand is necessary.**

2. Where funds are deposited in a bank subject to payment on demand, and

---

Note.—(1) Set-off by surety of claim paid by insolvent principal whose assets are being administered for the benefit of creditors, against own indebtedness to principal, see annotation in 40 A.L.R. 1096; 23 R. C. L. 56; 6 R. C. L. Supp. 1356.

(2) Insolvency of bank as dispensing with demand for deposit, see 3 R. C. L. 569; 1 R. C. L. Supp. 856; 6 R. C. L. Supp. 189.

(3) Compensation for suretyship as affecting liability of surety, see 21 R. C. L. 1162; 5 R. C. L. Supp. 1184.

(4) Rights and remedies acquired by subrogation, see 21 R. C. L. 1106; 3 R. C. L. Supp. 1215; 25 R. C. L. 1377; 6 R. C. L. Supp. 1516.

the bank is closed on account of insolvency, the deposit thereby becomes due and actionable and no demand is necessary.

**Principal and surety — fact that surety company becomes surety for compensation does not deprive it of surety's rights and remedies.**

3. The fact that a surety company, engaged in the business of writing surety bonds, is a surety for compensation, does not deprive it of a surety's rights and remedies under the rules governing the relation of principal and surety. Its rights as a surety are to be determined by its legal status as such, and not by the reasons which may have induced it to enter into that status.

**Principal and surety — rights of indemnity and subrogation relate back to date of surety contract; surety cannot acquire rights which the obligee never had.**

4. Where a surety is compelled to discharge a liability on account of the default of his principal, his rights of indemnity and subrogation thereby arising relate back as against his principal to the date of the surety contract; but while by such relation he is entitled as against the principal to any rights and remedies which the obligee had during the time that the surety contract was in existence, he cannot thereby acquire rights which the obligee himself never had.

**Banks and banking — surety on fidelity bond of bank cashier and on depositary bond for bank cannot set off claims for discharge after insolvency of bank's obligations to depositor under depositary bond.**

5. Where a surety company is at one and the same time surety on a fidelity bond of a bank's cashier to the bank, and surety on a depositary bond for the bank, it cannot, in a suit brought by the receiver of the bank on the fidelity bond for a claim accruing before insolvency, set-off any claims that it may have as assignee, subrogee, or on contract of indemnity by reason of the discharge, after insolvency, of the bank's obligation to the depositor under the depositary bond.

Opinion filed November 27, 1925.   Rehearing denied December 30, 1925.

Banks and Banking, 7 C. J. § 366 p. 64 n. 66; § 833 p. 846 n. 32 New.   Principal and Surety, 32 Cyc. p. 250 n. 48; p. 306 n. 90.   Receivers, 34 Cyc. p. 186 n. 56; p. 195 n. 94.   Subrogation, 37 Cyc. p. 380 n. 87, 89.

Appeal from the District Court of Cass County, *Cole*, J.

Action by the receiver of an insolvent bank to recover the penalty of a fidelity bond.

Defendant counterclaims and seeks to set-off payments made by it for the bank under the terms of a depositary bond.

From a judgment for the plaintiff, defendant appeals.

Affirmed.

*Pierce, Tenneson, Cupler & Stambaugh,* for appellant.

"The fact that a surety is paid a premium for assuming the risk does not deprive it of the rights and remedies, including subrogation, exoneration and indemnity, possessed by sureties who are not compensated." Columbia Bank & T. Co. v. United States Fidelity & G. Co. (Okla.) 126 Pac. 556; Lewis v. United States Fidelity & G. Co. (Ky.) 138 S. W. 305, Ann. Cas. 1913A, 564; United States Fidelity & G. Co. v. Citizens B. & I. Co. (Colo.) 163 Pac. 283.

The receiver of a bank cannot recover upon a fidelity bond if the bank could not have recovered and that the receiver takes only such right and claim as the bank had is decided in Willoughby v. Fidelity & D. Co. (Okla.) 85 Pac. 713, 7 L.R.A.(N.S.) 548, 8 Ann. Cas. 603.

"If, when the receiver was appointed, the defunct corporation had no right of action on the bond none passed to him." Larrabee v. Title Guaranty & S. Co. L.R.A.1916F, 713.

"The general rule is well established that a receiver takes the title of the corporation or individual whose receiver he is, and that any defense which would have been good against the former may be asserted against the latter." 23 R. C. L. p. 121.

"It is settled that a depositor's right to set-off does not depend upon whether his obligation to the bank has matured at the time of the bank's insolvency, so long as the deposit is due at that time." Note to Williams v. Johnson, Ann. Cas. 1916D, 607.

"It is not necessary for the depositor to make a demand for the amount of the deposit before pleading the set-off, where the demand would be manifestly futile." Note to Williams v. Johnson, Ann. Cas. 1916D, 607.

"The fact that the surety has not paid the debt at the time of the assignment (or insolvency) is immaterial." Barney v. Grover, 29 Vt. 391.

"The surety is regarded as a creditor from the time the note is protected although he did not pay it until after the assignment for benefit of creditors, or insolvency." Morrow v. Bright, 20 Mo. 298.

"The surety may set off the amount paid for his principal after suit is brought if the debt was due and payable before it was brought." Thompson v. McLellan, 20 Pa. 475.

*Albert Weber*, for respondent.

"The right to set-off is governed by the state of things existing at the moment of insolvency, and not by conditions thereafter created." Yardley v. Philler, 167 U. S. 344, 360, 17 Sup. Ct. Rep. 835, 42 L. ed. 192; Scott v. Armstrong, 146 U. S. 499, 510, 13 Sup. Ct. Rep. 148, 36 L. ed. 1059; Mechanics' Bank v. Ernst, 231 U. S. 60, 34 Sup. Ct. Rep. 22, 58 L. ed. 121; Stone v. Dodge, 96 Mich. 514, 56 N. W. 77, 21 L.R.A. 280; Lion Bonding & Surety Co. v. Austin (Tex. Civ. App.) 208 S. W. 542.

"The doctrine of relation 'is a legal fiction invented to promote the ends of justice. . . . It is never allowed to defeat the collateral rights of third persons, lawfully acquired.'" Johnston v. Jones, 1 Black, 209, 221.

"The doctrine of set-off between a failing debtor and a creditor is only applicable as to demands and counter demands existing between them at the time of failure, and claims purchased or acquired after the failure of an insolvent bank cannot be set off against a debt due the bank." (Ark.) 215 S. W. 890.

"The right of set-off against the receiver of a bank is to be governed by the state of things existing at the time of insolvency, and not by conditions thereafter created." Chipley State Bank v. McNeil (Fla.) 82 So. 292.

"Where the contract is to be regarded as one of indemnity, the company on payment of the loss is subrogated to all of the rights of insured against the persons whose fault or negligence caused the loss." 33 C. J. 43; Chickasaw Ins. Co. v. Weller, 68 N. W. 443.

"It is the duty of the receiver of a bank to collect and conserve its assets for the equal and pro rata benefit of creditors." (S. C.) 117 S. E. 415.

NUESSLE, J. This action was brought by the plaintiff, as receiver of the First National Bank of Towner, North Dakota, to recover the penalty of a fidelity bond. The defendant denied liability and sought to counterclaim for and set off certain payments made by it under the terms of a surety bond issued for the insolvent.

The First National Bank of Towner, North Dakota, was a banking corporation, organized and existing under and by virtue of the National Banking Act. It became insolvent and was closed by order of

the comptroller of the 'currency on December 20th, 1920. Subsequently, the plaintiff Gilbertson, was appointed and qualified as receiver. The defendant is, and was, a corporation organized and existing under and by virtue of the laws of the state of North Dakota and engaged in the business of writing fidelity and surety bonds for profit. In the course of its business the defendant, in 1915, issued and thereafter renewed a fidelity bond to the Bank of Towner, undertaking thereby to indemnify the bank against any loss which it might suffer through the misconduct or dishonesty of one Bergh, the bank's cashier. In October, 1919, the Bank of Towner was desirous of being designated as a depositary for moneys of the Bank of North Dakota. In that behalf it applied to the defendant for, and the defendant issued, pursuant to the provisions of chapter 147, Sess. Laws 1919, a bond in the sum of $25,000, conditioned upon the repayment to the Bank of North Dakota, on demand, of any funds not exceeding that sum which might be deposited by the Bank of North Dakota in the Bank of Towner. One of the considerations for the issuance of this depositary bond was the agreement on the part of the Bank of Towner, to indemnify and reimburse the defendant for any payments required to be made by the defendant under the terms of the bond, together with such costs and expenses as might be incurred in connection therewith. Subsequently, Bergh, the principal in the fidelity bond, embezzled funds of the Bank of Towner and the defendant became liable on account thereof in the full penalty of the bond. After the issuance of the depositary bond to the Bank of North Dakota, that bank deposited moneys in the Bank of Towner, and at the time of the closing of the Bank of Towner, had a large amount on deposit therein. Thereafter the Bank of North Dakota made demand upon the defendant for the payment of the amount of its deposit with interest, and on April 13th, 1921, the defendant paid to the Bank of North Dakota, under the terms of the depositary bond, the sum of $10,319.05. The Bank of North Dakota thereupon assigned and delivered to the defendant its claim against the Bank of Towner and the receiver's certificates issued therefor. Thereafter the defendant received such dividends as were paid on account of this claim. In March, 1921, the defendant also filed a claim with the receiver in anticipation of payments that it

might·be required to make under the terms of the depositary bond, and on April 21st, 1921, filed its supplemental claim for the amount paid to the Bank of North Dakota. In June, 1922, the plaintiff Gilbertson, as receiver, began this action to recover of the defendant the penalty of the fidelity bond on account of the defalcation of Bergh. The defendant admitting liability on its fidelity bond to the Bank of Towner, sought to counterclaim for and set off against such liability the amount of the payments made by it to the Bank of North Dakota in so far as was necessary to discharge its liability on the fidelity bond. The facts were stipulated as hereinbefore set out. The District Court dismissed the counterclaim and ordered judgment in favor of the plaintiff and against the defendant for the penalty of the fidelity bond. This appeal is from the judgment entered in accordance with the order of the district court.

Thus, there is no question as to the liability of the defendant on account of the fidelity bond. Neither is there any question as to the amount that was required to be paid and was paid by the defendant on April 13th, 1921, in discharge of its obligation under the terms of the depositary bond to the Bank of North Dakota. Nor is there any question but that the defendant has a valid claim for the amount so paid by it against the estate of the insolvent Bank of Towner. The whole question in the case is as to whether the right of set-off exists in favor of the defendant and as against the plaintiff receiver.

The contentions of the respective parties on this appeal may be stated as follows. The defendant contends first, that it is entitled to recover as against the insolvent, not only as assignee and subrogee of the Bank of North Dakota, on account of the payments made under the terms of the depositary bond, but that it also has a wider right of recovery under the contract of indemnity entered into by and with the Bank of Towner at the time the depositary bond was written. That the action brought by the plaintiff on the fidelity bond is an action in contract; that defendant likewise has a cause of action in contract as surety and under the indemnity contract. That it has, under the facts, the right to counterclaim and set-off its demand under § 7449, Comp. Laws 1913, providing that a counterclaim may be interposed:

"(2) In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they are such as have been heretofore denominated legal or equitable, or both. They must each be separately stated and refer to the causes of action which they are intended to answer in such manner that they may be intelligently distinguished."

and § 7679, Comp. Laws 1913, providing:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and the court may determine the ultimate rights of the parties on each side as between themselves.

"(2) If a counterclaim established at a trial exceeds the plaintiff's demand so established, judgment for the defendant must be given for the excess; and the court may grant to the defendant any affirmative relief to which he may be entitled."

That the contract of the Bank of Towner to reimburse and indemnify the defendant was made in contemplation of these statutes. That while defendant took an assignment of the claim of the Bank of North Dakota against the Bank of Towner, and received dividends ratably with the other creditors of the bank thereon, nevertheless, it did not thereby waive any claims that it might have had against the insolvent estate under its contract of indemnity. That while the payment made by it to the Bank of North Dakota on the depositary bond was made on April 13th, 1921, and the Bank of Towner was closed cn December 20th, 1920, that by virtue of its surety relation and under the terms of its indemnity contract the payment so made related back to the date of such contract, to wit; October, 1919, and therefore, such claim must be considered as having been in existence at the time of the closing of the bank in December, 1920, and so may be set-off in an action brought by the receiver.

On the other hand, the plaintiff insists that the claim against the defendant on the fidelity bond was matured and in existence prior to the date of the insolvency; that the status of the defendant's claim must be determined as of the date of the insolvency on December 20th, 1920; that when the Bank of Towner became insolvent and was closed

on that date, the defendant's claim on account of the depositary bond was not in existence; that it took life only at the date of the payment by the defendant on April 13th, 1921; that the claim on account of the fidelity bond was an asset of the Bank of Towner at the date of its insolvency; that as such, the receiver took it and holds it for the benefit of the creditors, including depositors, to be paid ratably to them; that to allow the counterclaim and set-off as contended for by the defendant would constitute a preference; that in any event the defendant was an insurer and nothing more under the terms of subsection 8, § 5210, Comp. Laws 1913, relating to surety companies, and has no other right or claim than that of assignee; that even though entitled to subrogation as a surety, defendant's rights as such, are no more or greater than the Bank of North Dakota had; that though there was an express contract by the Bank of Towner to indemnify and exonerate defendant, defendant can claim nothing thereunder that it would not have had under its right of subrogation as a surety.

We think that there are certain fundamental propositions concerning which there can be no room for controversy and which must be considered in determining the contentions of the parties thus raised. In the first place, the National Banking Act forbids preferences. See §§ 5234, 5236, and 5242, U. S. Revised Statutes (U. S. Comp. Stat. §§ 9821, 9823, and 9834, 6 Fed. Stat. Anno. 2d ed. pp. 850, 865, 903); Scott v. Armstrong, 146 U. S. 499, 36 L. ed. 1059, 13 Sup. Ct. Rep. 148; Davis v. Elmira Sav. Bank, 161 U. S. 275, 40 L. ed. 700, 16 Sup. Ct. Rep. 502; Yardley v. Philler, 167 U. S. 344, 42 L. ed. 192, 17 Sup. Ct. Rep. 835. No state statute can override this prohibition. See Davis v. Elmira Sav. Bank, 161 U. S. 275, 40 L. ed. 700, 16 Sup. Ct. Rep. 502. Next, a receiver takes the estate of an insolvent for the benefit of the creditors; he is in effect an assignee and stands in the shoes of the insolvent with exactly the same rights and obligations that the latter had at the moment of insolvency. Therefore, choses in action pass to him subject to any right of set-off existing at the time of the appointment. Lawson v. Warren, 34 Okla. 94, 42 L.R.A.(N.S.) 183, 124 Pac. 46, Ann. Cas. 1914C, 139; Williams v. Johnson, 50 Mont. 7, 144 Pac. 768, Ann. Cas. 1916D, 595; Pom. Eq. Jur. §§ 186, 187; 34 Cyc. 191 et seq. And this rule applies as well to receivers of insolvent banks, including national banks, as to

receivers of other insolvents. See Scott v. Armstrong, 146 U. S. 499, 36 L. ed. 1059, 13 Sup. Ct. Rep. 148; Williams v. Johnson, 50 Mont. 7, 144 Pac. 768, Ann. Cas. 1916D, 595; Funk v. Young, 138 Ark. 38, 5 A.L.R. 79, 210 S. W. 143; Michie, Banks & Bkg. § 77. This right of set-off is to be governed by the state of things existing at the moment of insolvency and not by conditions thereafter created. National Security Bank v. Butler, 129 U. S. 223, 32 L. ed. 682, 9 Sup. Ct. Rep. 281; Scott v. Armstrong; Davis v. Elmira Sav. Bank; and Yardley v. Philler, supra; 7 C. J. 746. Otherwise the set-off would result in a preference.

It therefore becomes necessary in determining the right of the defendant to set off its claim arising by reason of the payment under the depositary bond, to ascertain the status of that claim at the moment of insolvency on December 20, 1920. The condition of the depositary bond was that the Bank of Towner should pay on demand any moneys that might be deposited in it by the Bank of North Dakota. Unquestionably, no demand was made by the Bank of North Dakota for some time after the closing of the Bank of Towner. However, the funds deposited therein were subject to payment on demand, and when the bank closed and it was impossible for it to pay, that moment the moneys therein deposited became due and actionable and no demand was necessary. See Williams v. Johnson, 50 Mont. 7, 144 Pac. 768, Ann. Cas. 1916D, 595; Stadler v. First Nat. Bank, 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111. But they were not thus due and actionable until after the bank became insolvent and closed in December. No payments were made by the defendant on account of the liability thus arising until in April following. Defendant's liability was contingent only, until default on the part of the Bank of Towner. Default having occurred, the contingent liability having become absolute, and payment having been thereafter made, what were the defendant's rights as against the Bank of Towner? Can such claim as it had be said to have been in existence at the time of the closing of that bank so as to be. eligible to set-off in an action by the receiver?

The plaintiff insists that the defendant had no right of subrogation since it was a surety for compensation. Defendant is equally insistent that it not only had all the rights of a subrogee, but wider rights by reason of its contract of indemnity. We can agree with neither of

these contentions. The defendant is a surety company; its business is the writing of surety bonds. When it issued the depositary bond it became a surety for the insolvent Bank of Towner for compensation. The plaintiff insists that by reason of the fact that it was a compensated surety, defendant cannot claim the rights of subrogation to which the ordinary surety is entitled. We think, however, that defendant's rights as a surety are to be determined by its legal status as surety and not by the reasons which may have induced it to enter into that status. In other words, the fact that the defendant was a surety for compensation did not deprive it of the rights that it was entitled to under the rules governing the relation of principal and surety. See National Surety Co. v. Berggren, 126 Minn. 188, 148 N. W. 55; Wasco County v. New England Equitable Ins. Co. 88 Or. 468, L.R.A.1918D, 732, 172 Pac. 126, Ann. Cas. 1918E, 656; 25 R. C. L. 1327, et seq.; 19 Cyc. 893. On the other hand, the contract of indemnity on which the defendant relies, gave it no other or further rights than it had as surety. This contract of indemnity set out in contractual form that which equity would, in any event, have given. It expressed simply that which would have been implied, and nothing more. Indeed, to this effect is the statute. Comp. Laws 1913, §§ 6685–6687. The defendant insists, however, that by reason of its rights as subrogee, as well as by the terms of the indemnity contract, any payment made by it under the depositary bond must relate back to the date of the contract, and that its rights, on account of such payment, are fixed as of that date. Therefore, says the defendant, though the payment in this case was made on April 13th, 1921, it must relate back to October, 1919, the date when the contracts were entered into. It is true that the Bank of Towner, by virtue of its indemnity agreement, was under obligation to reimburse the defendant. But when did that obligation ripen into a cause of action? Certainly not until the payment was made by the defendant under the terms of the depositary bond, and that was in April, 1921. It is also true that upon paying the deposit in the Bank of Towner according to the terms of the depositary bond, the defendant, as a surety, was entitled to any remedy which the Bank of North Dakota had against the Bank of Towner, and to the benefit of every security which the Bank of North Dakota had. See Comp. Laws 1913, §§ 6686, 6687. Neither is there any

question but that, insofar as it affected the Bank of Towner, the Bank of North Dakota, and the defendant, any payment so made related back to the date of the contract in October, 1919. See McArthur v. Martin, 23 Minn. 74; Rice v. Southgate, 16 Gray, 142; Griffin v. Long, 96 Ark. 271, 35 L.R.A.(N.S.) 855, 131 S. W. 673, Ann. Cas. 1912B, 622; Wasco County v. New England Equitable Ins. Co. 88 Or. 468, L.R.A.1918D, 732, 172 Pac. 126, Ann. Cas. 1918E, 656. The purpose of such relation, however, is to do justice between principal and surety; to give to the surety, who discharges the principal's obligation, any rights and remedies which the obligee had as against the principal during the time that the surety contract was in existence. But this theory of relation cannot be invoked to do injustice as against third parties. It cannot be resorted to to give to the surety rights which the obligee itself never had. Now, what were the remedies, and what were the securities which the defendant, as surety and subrogee of the Bank of North Dakota, was entitled to? The Bank of North Dakota was merely a depositor. Its deposit was subject to payment on demand. If not paid when demanded, it had a right of action for the amount of the deposit. The Bank of North Dakota had the right to share in the assets of the Bank of Towner including the claim under the fidelity bond, which was for the protection of all the creditors, ratably with other creditors, and that is all, that it did have. It could not have exacted a greater share than any other creditor, because, were the contrary true, there would have been a preference. How then can the defendant be permitted under the doctrine of relation, or otherwise, to apply, as it seeks to do, the whole of the proceeds of the fidelity bond on one deposit, which would be the result were we to sustain its contention? Whether the defendant be considered as an assignee, as subrogee, or as claiming under its express indemnity contract, we cannot see how it is entitled to the set-off as contended. See United States Fidelity & G. Co. v. Wooldridge, 268 U. S. 234, 69 L. ed. 932, 40 A.L.R. 1094, 45 Sup. Ct. Rep. 489; Storts v. George, 150 Mo. 1, 51 S. W. 489; United States Fidelity & G. Co. v. Maxwell, 152 Ark. 64, 237 S. W. 708.

The judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.