BOWMAN COUNTY, a Political Corporation of the State of North Dakota, and Anna M. Spire, Auditor of Bowman County, Respondents, v. WILLIAM A. McINTYRE and State Bonding Fund of the State of North Dakota, Defendants. STATE BONDING FUND OF THE STATE OF NORTH DAKOTA, Appellant.

(214 N. W. 916.)

**Complaint — action on county treasurer's bond, complaint held good.**

1. In an action to recover the penalty of an official bond, *Held*, for reasons stated in the opinion:

**Judgment held to be sustained by evidence.**

2. That the evidence is sufficient to sustain the judgment as entered.

Opinion filed June 1, 1927. Rehearing denied August 18, 1927.

Counties, 15 C. J. § 204 p. 525 n. 1 New; § 207 p. 526 n. 31, 38; § 211 p. 528n. 77.

Appeal from the District Court of Burleigh County, *Jansonius, J.* Affirmed.

*Crum & Crum,* for appellant.

"Where it is provided by statute or charter that an action shall not be maintained against a county or municipality unless the claim or demand has first been presented to a certain official or board, and payment refused, the complaint must show due presentation was made according to the requirements of the law." 4 Enc. Pl. & Pr. 655.

*Mark H. Amundson,* for respondents.

Where a jury is waived, the findings have the force of a verdict and will not be disturbed when the said findings have substantial support in the evidence. Updegraff v. Tucker, 24 N. D. 171, 139 N. W. 366; Feil v. Northwestern German City F. Co. 28 N. D. 355, 149 N. W. 358; Baird v. Goforth, 54 N. D. 805, 211 N. W. 587.

Notice to, or knowledge of an individual member, not shown to have been imparted to the board is not knowledge of the board, nor

is it binding on it.    15 C. J. 640; Stoner v. Keith Co. 48 Neb. 279, 67 N. W. 11; Saginaw Co. v. Kent (Mich.) 176 N. W. 601.

It is elementary that a county cannot be bound by the wrongful acts of its officers, nor can default of the county treasurer be excused by the wrongful acts on the part of the other officials.    Peterson v. Brater, 225 Mich. 297, 196 N. W. 202; Vail v. Amenia, 4 N. D. 239, 59 N. W. 1092; Board v. Sullivan, 94 Minn. 201, 102 N. W. 133.

NUESSLE, J.    William A. McIntyre was the treasurer of Bowman county from May 2d, 1921, to September 11th, 1923.    This action was brought to recover against McIntyre and the state bonding fund on account of defaults within the provisions of McIntyre's official bond.

The complaint alleges that McIntyre was the duly elected and qualified county treasurer of Bowman county; that he was bonded by the state bonding fund in the sum of $50,000, that during the term of said bond McIntyre as treasurer wrongfully deposited funds of Bowman county in the Farmers and Mechanics State Bank of Bowman; that on the 13th day of April, 1923 the said bank was insolvent and unable to pay its creditors and closed its doors; that at such time there were wrongfully on deposit in the bank funds belonging to the said Bowman county in the sum of $9,199.60 in excess of the amount for which the bank had furnished a depositary bond; that the board of county commissioners discovered said wrongful acts of the defendant McIntyre on the 25th day of July, 1923, and thereupon made demand upon him that the funds so wrongfully deposited be deposited according to law; that McIntyre failed and neglected to comply with such demand and by reason thereof the plaintiff Bowman county was damaged in the amount of such wrongful deposit; that on the 7th day of August, 1923, the plaintiff Bowman county presented its claim for the amount so wrongfully deposited to the commissioner of insurance of the state of North Dakota and demanded payment thereof pursuant to the terms of the bond of McIntyre issued by the said state bonding fund; that more than sixty days have elapsed since the presentation of such claim and demand and that the defendant state bonding fund has refused and still refuses to pay the same.    The defendant, state bonding fund, answering, denied generally any liability on

account of the bond and further pleaded that the claim and demand as made by Bowman county upon it was not made within sixty days after the discovery of the default of the defendant McIntyre.

The cause was tried to the court without a jury. At the close of the plaintiff's case defendant moved for a dismissal. The motion was denied. Defendant stood upon its motion and offered no evidence. Whereupon the court found for the plaintiff and ordered judgment accordingly. Thereafter the defendant state bonding fund moved for a new trial. The motion was denied and this appeal is from the order denying the same and from the judgment as entered.

There is little dispute as to the facts. McIntyre was the treasurer of Bowman county. He held office from May, 1921, to September 1923. He was bonded by the state bonding fund for $50,000. While he was treasurer he made large deposits of county funds in the Farmers and Mechanics State Bank of Bowman. This bank failed and closed its doors on April 13th, 1923. At the time of its failure McIntyre had on deposit in the bank $9,199.60 more than was permissible considering the amount of the bank's depositary bond. It appears that there had been an over-deposit for a long time prior to the closing. The record discloses that neither the county auditor nor the board of county commissioners knew of such excessive deposit until July 25th, 1923. At once upon discovering the over-deposit demand was made upon McIntyre for the payment of the funds so deposited. He failed to comply with the demand and on September 7th, 1923, the board of county commissioners presented a claim to the state bonding fund on account of McIntyre's default. This claim was made by the whole board and was attested by Anna M. Spire as county auditor. It was verified by the chairman of the board. The claim was rejected by the state bonding fund and this suit resulted. In the meantime, however, the county had filed a claim as a depositor with the receiver of the Farmers and Mechanics State Bank.

The defendant, state bonding fund, grounds this appeal upon errors of law occurring during the course of the trial and on the insufficiency of the evidence to sustain the judgment. The defendant contends that the trial court erred in overruling its objection to the introduction of any evidence on account of the failure of the complaint to state facts sufficient to constitute a cause of action; in admitting evidence in the

course of the trial over specific objections taken; and in denying its motion for dismissal and nonsuit made at the close of the plaintiff's case.

Defendant first contends that the complaint was faulty in that it failed to allege that the county auditor had joined in the execution of the claim against the state bonding fund. The defendant insists that under the statute, § 7, chapter 158, Sess. Laws 1919, in a case such as the instant one, a claim against the bonding fund must be made by the county auditor. We think that there is no ground for this contention. The statute provides that the claim shall be filed by the "county auditor . . . and any other officer having supervision of such employee." Section 172 of the Constitution provides that the fiscal affairs of a county shall be transacted by the board of county commissioners. Section 3276, Comp. Laws 1913 requires the board to "superintend the fiscal affairs of the county and supervise the conduct of the respective county officers." We think that under these provisions it must be said that the county board has supervision of the county treasurer within the meaning of the bonding fund statute quoted above. So this statute no more requires the auditor to file the claim than it does the board. To require both the auditor, the clerk of the board of county commissioners (Comp. Laws 1913, § 3366), and the board itself to file the same claim would be purposeless. The complaint is sufficient in this respect. Defendant next contends that the complaint is defective in that it does not allege that the claim was filed within sixty days after the county auditor acquired knowledge of McIntyre's default. The complaint alleges that the county board discovered his default on July 25th and that the claim was filed on the 7th day of August. We think that this is a sufficient allegation to satisfy the statute. Lastly, the complaint is challenged because it does not specifically allege the failure on the part of McIntyre to account for any money that came into his hands when he surrendered his office to his successor. The complaint is somewhat indefinite in this respect, but it does allege the wrongful deposit, the closing of the bank, the failure of McIntyre on demand to deposit the funds in the closed bank in a lawful depositary, and damage to the county in the amount of such wrongful deposit by reason of his default in that respect. We

think that this is sufficient, especially in view of the time and manner in which the objection was taken. The claims of error on account of rulings respecting the admission of evidence are predicated on the theory that the complaint was defective in the respects just considered and need no further comment.

There remains then the question of the sufficiency of the evidence to sustain the judgment. It is first contended that there is no evidence to sustain the court's finding that the claim was presented within sixty days after discovery of McIntyre's default. The evidence first offered was the record of the board of county commissioners meeting held on July 25th, from which it appeared that the commissioners had checked over the treasurer's accounts on that date and discovered the over-deposit in the Farmers and Mechanics State Bank. Conceding that this evidence was not in itself sufficient to sustain the court's finding, nevertheless the plaintiff thereafter called Mrs. Spire, the auditor, and she testified directly that both she and the board of county commissioners first acquired knowledge of the over-deposit on that date. This testimony was admitted without objection and stands uncontroverted. It is sufficient to justify the trial court's finding in this regard. The defendant next contends that the plaintiff filed a claim with the receiver of closed banks for the full amount of the deposit in the Farmers and Mechanics State Bank and that, therefore, it must be held to have elected to waive its right to rely upon the bond issued by the defendant. There is no justification for such a contention. The record discloses that the claim was not paid by the receiver. If it had been paid, such payment of course would be a full and complete defense to this action. If it had been paid in part, such payment would have been a defense pro tanto. But the mere fact of the filing of the claim with the receiver cannot be said to present a defense for this defendant. It did not establish an election to waive any right against the bonding fund. At most it was simply a precautionary measure taken to protect the county and the defendant state bonding fund as well, for upon payment by the bonding fund the fund will, of course, be subrogated to. the rights of the plaintiff. See Gilbertson v. Northern Trust Co. 53 N. D. 502, 42 A.L.R. 1353, 207 N. W. 42.

The order and judgment of the district court must be and are affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.