C. C. STORING, as Receiver of the First National Bank of Turtle Lake, North Dakota, a Corporation, Respondent, v. NATIONAL SURETY COMPANY, a Corporation, Appellant.

(215 N. W. 875.)

**Banks and banking — surety on bond of employee cannot claim set-off as surety on bank's depositary bond.**

1. Where a surety on a bond for the fidelity of an employee of a national bank becomes liable thereon it cannot offset any claim it may have against the bank arising from the fact that it was also surety on a depositary bond given by this bank to insure the repayment of deposits. Gilbertson v. Northern Trust Co. 53 N. D. 502, followed.

---

Annotation.—(3) On law governing limitation of actions on contracts, see annotation in 6 L.R.A.(N.S.) 658; 5 R. C. L. 935; 1 R. C. L. Supp. 1557.

**Contracts — law on which validity depends.**

2. The validity of a contract is to be determined by the law of the place where it becomes binding and effective. Where a contract is executed outside of the state but sent to this state for delivery so that the party who executes the contract remains in control of it until delivery, the validity of the contract is to be determined by the law of this state, unless a contrary intent be shown clearly.

**Limitations — when limitation provisions of a contract are void.**

3. Where such contract contains a provision restricting action thereon to a time less than that provided by the statutes of this state such provision is void.

Opinion filed November 4, 1927.

Banks and Banking, 7 C. J. § 851 p. 850 n. 84 New. Contracts, 13 C. J. § 19 p. 249 n. 17. Fidelity Insurance, 25 C. J. § 21 p. 1111 n. 73. Limitations of Actions, 37 C. J. § 45 p. 728 n. 4. Principal and Surety, 32 Cyc. p. 123 n. 29 New.

Appeal from the District Court of McLean County, *Jansonius, J.* Affirmed.

*Thompson & Swenson,* for appellant.

"It is a general principle, if the parties to an insurance contract are in different jurisdictions, the place where the last act is done, which is necessary to give validity to the contract, is the place where the contract is entered into." McElroy v. Metropolitan L. Ins. Co. 122 N. W. 27.

"The proper law of a contract is the law of the place where it is made. This law governs not only as to its execution, authentication and construction, but also as to the legal obligations arising from it, and as what is to be deemed a performance, satisfaction or discharge." 9 Cyc. 667.

"The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, as a consequence from its exceptions also." Riddlesbarger v. Hartford F. Ins. Co. 7 Wall. 386.

*Hyland & Foster,* for respondent.

"A right, question or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground for recovery cannot be disputed in a subsequent suit between the same parties or their privies." Southern P. R. Co. v. United States, 168 U. S. 1, 42 L. ed. 355.

"A judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties." Russell v. Place, 94 U. S. 606, 24 L. ed. 214.

Under § 3566, U. S. Rev. Stat. U. S. C. title 31, § 373, giving priority of demands of the United States against insolvents, the United States, having demands against an insolvent national bank, is not entitled to priority of payment out of its assets over other creditors. Cook County Nat. Bank v. United States, 27 L. ed. 537, 107 U. S. 445.

"When dealing with the question of set-offs, the requirement as to the ratable dividends is to make them from what it belongs to the bank and that which at the time of insolvency, belongs of right to the debtor, does not belong to the bank." Scott v. Armstrong, 146 U. S. 499, 33 L. ed. 59.

"A stipulation in an insurance policy issued in Dakota Territory upon property therein which limits the time within which an action may be brought upon the policy to a period of six months from the date of loss, is void. Such stipulation would be upheld in common law but it is void under our statute." Johnson v. Dakota F. Ins. Co. 1 N. D. 167, 49 N. W. 79.

"In so far as the by-laws may be construed as an agreement by the insured to accept as final the adjustment of the board of directors, that would be void." Graham v. Alliance Hail Asso. 47 N. D. 425, 182 N. W. 463.

"In general a debtor who is indebted on a money obligation is bound, if no place of payment is specified in the contract, to seek the creditor and make payment to him personally, the rule being that the place of payment is to be presumed to be where the obligee resides or is to be found." 4 R. C. L. 25.

"Where parties make contracts which upon their face are to be discharged in a state other than that in which they are executed, they are presumed, in the absence of anything to the contrary, to have intended the law of the state of performance, the lex loci solutionis, to control." 5 R. C. L. 940; Poole v. Perkins, 126 Va. 331, 18 A.L.R. 1509, 101 S. E. 240.

BURR, J. The plaintiff brings action upon a surety bond given to indemnify the First National Bank of Turtle Lake against loss occasioned through the fraud, dishonesty, misappropriation of money, etc. of certain employees, including one Wilhelm Lierboe. It is stipulated that all of the statements of the complaint are true. The defendant answered, setting up two defenses; first, as a set-off, that it had executed and delivered to the bank a bond "to guarantee the deposit of certain government funds in said bank . . . that in accordance with the terms and conditions of the bond this defendant paid the U. S. Government on account of such deposits the sum of $24,905.83 . . . that the claim of the U. S. Government against the First National Bank of Turtle Lake was assigned to this defendant. That no part of the same has been paid," and, second, that this bond sued upon provides that an action thereon must be commenced within "fifteen months after the claim had been presented," that the claim was presented on the fourth day of February 1924, and suit was not commenced until May 21, 1925, "by reason of which said claim is barred under the provisions and terms of the bond herein referred to." The plaintiff demurred to both defenses and the demurrer was sustained, with leave to answer over.

The defendant then filed an amended answer to the effect that the bond referred to is a Minnesota contract, "executed pursuant to the National Bank Act in the office of the defendant company in St. Paul, Minnesota and mailed to the said bank at its place of business at Turtle Lake, N. D." and "the premium therefore paid in the city of St. Paul." The answer then alleges the contract limited the time for bringing action to fifteen months from the date of presentation of the claim, and that therefore the action is barred.

The case was submitted to the court without a jury, upon the pleadings, certain stipulated facts and the depositions of two witnesses. The court found in favor of the plaintiff and the defendant appeals.

The specifications of error deal with the ruling of the trial court upon the demurrer, and the findings and conclusions to the effect that the bond was not a Minnesota contract.

The demurrer to the first defense in the original answer was well taken. Such a claim cannot be used as a set-off in this action. See

56 N. Dak.—2.

Gilbertson v. Northern Trust Co. 53 N. D. 502, 42 A.L.R. 1353, 207 N. W. 42.

The demurrer to the second cause of action set forth in the original complaint was well taken. The answer did not allege the contract was a Minnesota contract, and therefore the presumption is that it was governed by the laws of this State. Section 5927 of the Code makes void a provision restricting the limit of time when it may be enforced, and therefore any such provision in the contract must be disregarded. Dinnie v. United Commercial Travelers, 41 N. D. 42, 169 N. W. 811. It is contended that § 4978 allows a reasonable limitation of not less than one year but such section has no application to this sort of insurance. It is further contended that because § 9, chapter 158 of the Sess. Laws 1919 contains a provision limiting actions brought upon bonds issued by the state bonding fund that such a "right of contract has been accorded between principal and surety." Such section is limited strictly to the state bonding fund and is for its benefit alone. There was no error in overruling the demurrer.

The defendant alleges the action is barred, but this depends upon whether the contract is to be considered a Minnesota contract. The stipulated facts show loss was discovered on January 4, 1924; that the receiver duly notified the defendant of this loss and on the fourth of February 1924, filed with the defendant his verified claim. Summons and complaint were served upon the commissioner of insurance on the 21st day of May, 1925. It is clear, therefore, the action was not commenced until more than 15 months after the filing of the verified claim. It is the contention of the defendant that this bond is a Minnesota contract; that the provisions of § 5927 of our code are in derogation of common law; that in the absence of proof to the contrary we assume the common law prevails in Minnesota, and therefore the parties have the right to contract regarding the time for the bringing of action (Code, § 7936, subd. 41). It is conceded that if this be a North Dakota contract the provisions of § 5927 apply, and the contractual provision regarding the limitation of time for bringing action is void.

The court found that one R. T. Lierboe "was the duly authorized agent of the defendant, the National Surety Co. at Turtle Lake, N. D.;" that the bond was mailed by the defendant to the said R. T. Lierboe for the purpose of delivery of the same to the First National Bank; was by

him delivered to the bank and the premium of the bond was charged upon the books of the defendant to R. T. Lierboe; that the company was authorized to do business in the state of North Dakota at the time of the delivery of the bond; that both parties intended the bond should be issued and performed under and pursuant to the laws of this state; that subsequent annual premiums which fell due were charged to R. T. Lierboe by the company; and the payments were made by the bank to the agent Lierboe.

The testimony of one L. A. Green as a witness for the defendant was taken by deposition. Mr. Green testified he was "secretary of Wm. B. Joyce & Co. and attorney in fact and agent for the National Surety Company;" that Wm. B. Joyce & Co. are the northwestern managers of the National Surety Company; that he himself was attorney in fact for the purpose of binding the company as surety on bonds; that he signs the bonds for the company and in the name and on behalf of the company; that this was his position in 1921; and that he recalled this particular transaction. The agent identified various exhibits as the correspondence between the bank, Wm. B. Joyce & Co. and R. T. Lierboe relative to the matter in issue. He testified that R. T. Lierboe "at the time of the execution of the bond was the duly authorized agent of the National Surety Company at Turtle Lake, N. D.;" that the business the company received from Turtle Lake was charged to his account on the books of the company; that commissions would be deducted by the agent or he might remit in full and a check would be sent for the commissions; that subsequent premiums were received either from Lierboe or the bank; and were charged on the books of the company to R. T. Lierboe who was entitled to the agent's commission. Among the exhibits introduced by the defendant was this letter which was enclosed with the bond and is known as defendant's exhibit 6.

November 7, 1921

Mr. R. T. Lierboe,
Turtle Lake, N. D.
Dear Sir:

Re: First National Bank,
Turtle Lake, N. D.

In accordance with your request we enclose herewith bond for the

above, together with our bill for the premium, which we have charged to your account.

Yours truly,

Wm. B. Joyce & Company.

J/C                                  By

Enc. 2009.

There is no doubt but what "the question of the validity—of a contract is to be determined by the law of the place where it is made." The issue is, where is this place and what is the test? It is a settled rule that if a contract be invalid according to the law of the jurisdiction in which one party resides and valid in the jurisdiction where the other party resides the presumption is they intended it to be governed by the law of the jurisdiction where it would be valid. It is not presumed they intended to violate the law, and also it may be presumed they intended to make it a living contract rather than undertake a work of supererogation; but such presumption yields to the facts. In any event invalidity of the provision under discussion does not render the whole contract invalid. It still leaves a valid contract between the parties. The test to determine the place of the contract is set forth in the case of Douglas County State Bank v. Sutherland, 52 N. D. 617, 204 N. W. 683. Here this court, speaking through Judge Nuessle, lays down the rule that "the contract, becomes binding, and effective when it is delivered." We are not dealing with an express declaration of the parties that the contract is to be determined by the law of any particular jurisdiction. In the case at bar it will be noticed the contract was not sent directly to the First National Bank. It was sent to the "duly authorized agent" at Turtle Lake and the premium was charged to him. (See Ex. 6.)

Until the agent delivered the bond to the bank the defendant had control over it, could have wired him to stop the delivery and thus prevent the completion of the contract. Even if the rule of place of performance were applicable it would be of little value to the defendant for the place of performance is clearly North Dakota. The company was insuring against fraud and dishonesty in North Dakota and clearly contemplated that if any payment were to be made thereon the payment would be made in North Dakota, and to North Dakota parties. The evi-

dence amply sustains the findings that the contract was a North Dakota contract.

Being a North Dakota contract the provision limiting the time for the commencement of action is void under the provisions of § 5927 of the Code, and being thus void the action was commenced in time. The judgment of the district court is affirmed.

BIRDZELL, Ch., J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.