S. A. OLSNESS, Commissioner of Insurance of the State of North Dakota, as Director of the State Bonding Fund, Respondent, v. STATE OF NORTH DAKOTA, Doing Business as the Bank of North Dakota, Appellant.

(224 N. W. 913.)

Opinion filed April 9, 1929.

*P. H. Butler,* for appellant.

*Harold Hopton,* for respondent.

NUESSLE, J. This is an appeal from an order of the district court of Burleigh county overruling a demurrer to the plaintiff's complaint.

The substance of the allegations of the complaint, set out as four causes of action, may be stated as follows: W. A. McIntyre was the treasurer of Bowman county from May, 1921, to September, 1923. He was bonded by the state bonding fund in the sum of $50,000 to faithfully and impartially discharge and perform the duties imposed upon him by law as such county treasurer. During the time that McIntyre was county treasurer, the Farmers & Mechanics State Bank of Bowman was a state banking corporation doing business in Bowman county. This bank was designated as a county depositary and as such was bonded in the sum of $5,000, and McIntyre deposited funds of Bowman county therein. The Bank of North Dakota, hereinafter referred to as the defendant, was also a depositary for Bowman county. It was the custom and practice of McIntyre as treasurer of Bowman county to make deposits in the Farmers & Mechanics Bank and draw checks against such deposits and forward the same to the Bank of

North Dakota for deposit. On April 13, 1923, the Farmers & Mechanics Bank, being insolvent and unable to pay its creditors, was closed. At the time the bank was closed McIntyre, as county treasurer, had on deposit therein a balance of over $14,000, or more than $9,000 in excess of the amount for which it was legally qualified as a depositary. To the extent of this excess the deposit was wrongful and illegal and McIntyre was accountable therefor to the county. See Bowman County v. McIntyre, 52 N. D. 225, 202 N. W. 651. Bowman county prosecuted this claim against McIntyre and the state bonding fund as his surety and obtained a judgment for the amount of the excessive deposit and interest. See Bowman county v. McIntyre, 55 N. D. 623, 214 N. W. 916. The bonding fund paid this judgment in September, 1927, and by reason of such payment now claims to be subrogated to all the rights of McIntyre on account of the transaction. McIntyre is now deceased and his estate is insolvent. In March, 1923, McIntyre, pursuant to the custom and practice hereinbefore referred to, drew two checks for $3000 and $1500 respectively against the county's deposit in the Farmers & Mechanics Bank and forwarded the same to the defendant for deposit and collection. McIntyre also drew a check against the deposit of Bowman county in the Farmers & Mechanics Bank for $275 payable to the state bonding fund. In the usual course of business the bonding fund deposited this check with the defendant for deposit and collection. About the same time he drew another check payable to one Ellingson for $111.29. Ellingson in turn delivered this check to the defendant for collection. When these several checks were drawn and when they were delivered to the defendant, the Bank of North Dakota, as above set out, the Farmers & Mechanics Bank had sufficient assets to pay the same. At the same time the deposit of Bowman County against which they were drawn in the said bank was more than sufficient to meet them. The Bank of North Dakota forwarded the checks directly to the drawee Farmers & Mechanics Bank for collection. The drawee bank failed and neglected to honor the checks or to make returns thereon, so the same were not paid. McIntyre was not advised that the checks had been dishonored. McIntyre relied upon the usual course of business, and believed that the checks had been handled with due and proper care and had been presented and paid, and that thus the amount Bow-

man county had on deposit was diminished to the extent of the aggregate of the checks. He accordingly made further deposits in the Farmers & Mechanics Bank. So by reason of defendant's failure to collect the checks the excessive deposit was increased in the amount thereof. When the bank failed McIntyre was held liable for the amount of the over-deposit to the county of Bowman. Likewise, the state bonding fund as surety was held liable on account of such over-deposit. So the judgment above mentioned was obtained against the bonding fund and the fund was required to pay the same. Predicating his case upon these facts, plaintiff as director of the state bonding fund demanded judgment against the defendant, the Bank of North Dakota, for the amount of the several checks heretofore described with interest thereon from the dates when they were delivered to the defendant for deposit and collection. The defendant demurred generally to the complaint on the ground that the facts set out therein were not sufficient to constitute a cause of action. The demurrer was overruled. Thereupon the defendant perfected this appeal.

There can be no question but that on the facts as stated the defendant was negligent. This court has held, and this is the general rule in the absence of special contract, that where a bank receives a check or draft for collection it is negligence on its part to forward the same directly to the drawee bank for payment and remittance. State v. Bismarck Bank, 57 N. D. 52, 220 N. W. 636; Pickett v. Thomas J. Baird Invest. Co. 22 N. D. 343, 133 N. W. 1026, 2 N. C. C. A. 722; National Bank v. Johnson, 6 N. D. 180, 69 N. W. 49. This rule is now abrogated in this jurisdiction. See § 6954a1, Supplement to 1913 Comp. Law (Sess. Laws 1925, chap. 170; Sess. Laws 1927, chap. 92). And the holder of the check or draft is entitled to recover against the bank on account of such negligence to the extent of the actual loss or damage occasioned thereby. A. G. Becker & Co. v. First Nat. Bank, 15 N. D. 279, 107 N. W. 968; Jefferson County Sav. Bank v. Hendrix, 147 Ala. 670, 1 L.R.A.(N.S.) 246, 39 So. 295; 2 Mitchie, Banks & Bkg. pp. 1517, et seq, and authorities cited.

There remains then the question as to whether the plaintiff can recover in this action against the defendant, the Bank of North Dakota, because of its negligence with respect to the checks above described. It is to be noted that the plaintiff seeks to recover on four separate

causes of action, one on each of the four checks. The demurrer is general and to the whole complaint, and if any of these four causes of action is sufficient the demurrer was properly overruled. In considering the sufficiency of the allegations of the complaint we must, of course, give to the pleading the advantage of every intendment. See Northern Trust Co. v. First Nat. Bank, 25 N. D. 74, p. 79, 140 N. W. 705; Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105. Viewed in this way it seems to us that we can reasonably infer from the complaint that if the checks in question had been duly and properly presented they would have been paid. With respect to the check for $275, it further appears that the bonding fund received this check in payment of a premium and was and is the holder of the same. The check was deposited in the defendant bank for collection and deposit. The defendant was negligent in not promptly and properly presenting it for payment and so the check was not paid. The drawee bank failed and the check was charged back by the defendant against the bonding fund, which suffered damage in the amount thereof. The complaint states a cause of action on account of the $275 check.

With respect to the other causes of action, however, the facts are different, and further and different questions are presented. The plaintiff contends that by the payment to Bowman county of the damage suffered through McIntyre's default in making the excessive deposit, plaintiff was subrogated to any rights that McIntyre may have had as against the defendant on account of its negligence in handling the checks. Assuming the soundness of this contention it becomes necessary to determine whether by reason of the facts set forth McIntyre acquired any rights as against the defendant because of such negligence. The complaint alleges that the over-deposit in the Farmers & Mechanics Bank was induced, at least to the amount of the several checks, by the failure of the defendant to present the checks for collection in a proper and timely manner; that McIntyre believed and was justified in believing that the usual course of business would be followed and that the defendant would exercise due care and diligence with respect to the matter of these collections; that accordingly he made the over-deposit. The defendant was a legal depositary of Bowman county. McIntyre had nothing to do with the matter of its se-

lection as such. McIntyre was merely the agent of the county and, as such, sent the checks in question to the defendant for collection and deposit, thus using the machinery provided by law for that purpose. See § 3326, Comp. Laws 1913. When he made the deposit McIntyre was finished with the transaction. His duty was performed. The relation between Bowman county and the Bank of North Dakota was that of principal and agent, and the defendant thereby became subject to liability for any violation of the duties born of this relationship. There was no contractual relation between McIntyre and the defendant. The deposit was not McIntyre's deposit. The defendant was not McIntyre's agent to collect the checks. It undertook to perform no duties for him. It owed him no obligation with respect to the matter. It knew nothing of McIntyre's practice respecting the county's deposit in the Bowman Bank. It could not be charged with knowledge that its negligence in collecting checks deposited in it might result in an over-deposit in the Bowman bank. It is true that McIntyre became liable to Bowman county by reason of the over-deposit in the Farmers & Mechanics Bank, but we cannot see how under the circumstances that fact gave him a cause of action against the defendant. An agent is not responsible to a third person for an injury resulting from his negligence, whether it be called nonfeasance or misfeasance, in the performance of a duty owed solely to his principal by reason of his agency. National Sav. Bank v. Ward, 100 U. S. 195, 25 L. ed. 621; Mechem, Agency, 2d ed. §§ 1464, et seq; 31 Cyc. 1559, et seq. If McIntyre had no cause of action against the defendant, certainly the bonding fund when it paid Bowman county on account of his default acquired no cause of action against the defendant. So it is clear that under the facts as stated in the complaint the plaintiff acquired no rights against the defendant on account of the $3,000 and $1,500 checks.

With respect to the fourth cause of action, that predicated upon the Ellingson check, there is even less ground for the plaintiff's contention. The duties assumed by the bank were duties to Ellingson alone. It owed no duty on account of this check either to McIntyre or Bowman county. When it failed to collect the check Ellingson was the only one who was injured, and Ellingson was the only one who had a cause of action on account of its negligence. We can conceive of no

theory on which it can be urged that the plaintiff succeeded to Ellingson's rights in the matter. However, since a cause of action is stated on account of the $275 check, the demurrer to the complaint was properly overruled.

The order from which the defendant appeals is therefore affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.